HALE, respondent, *v.* PARK DITCH CO., appellant.

PRACTICE — *settlement of statement on appeal.* It is the duty of the judge who tried the cause to settle the statement on appeal when the parties disagree. In doing so, he must rely upon his own recollection of what the testimony was, and not allow a new trial out of court to ascertain what transpired in court.

RULE No. 26 — *application.* Supreme Court Rule No. 26 does not apply to a case wherein the judge certifies according to his recollection of the testimony, but only in cases where the petition shows that he refused to certify as he remembers it.

*Cause pending in Third District, Lewis and Clarke County.*

THIS cause appears in this court upon a petition claimed to be authorized under Supreme Court Rule No. 26, to correct a statement on appeal, the defendant being dissatisfied with the settlement made by the judge who tried the case. The case was heard at the August term, 1875, but the opinion was not delivered till January term, 1876.

WADE, C. J. This is a petition, under rule 26 of this court, to cause the correction of a statement on appeal.

The rule, in substance, provides that if any justice of this court, while holding a district court, shall refuse to certify to a statement in accordance with the facts, upon proper showing to this court an order may be granted giving leave to the aggrieved person to prove the facts in relation to such statement. This rule was adopted in aid of section 371 of the Codified Statutes, which requires the judge of the district court to settle a true statement of the evidence on appeal.

Where a statement on appeal has been filed by one party, and amendments thereto by the opposite party, it is the duty of the judge who tried the case to settle and certify a true statement of the case upon appeal. Where there is a conflict between the parties as to the evidence and what the statement should contain, the judge must settle such conflict and certify to a true statement. In doing this, after having examined, if he deems proper, the testimony taken by both parties and his own notes taken at the trial, he must depend and rely upon his own recollection of what

the testimony was. And before a petition would be proper under or come within rule 26, it must be shown to this court that the judge refuses to certify to the statement as he remembers it. The bare fact that either party thinks his memory incorrect is not sufficient. The statement must depend absolutely upon the memory of the judge, and the case cannot be tried over again to ascertain if his memory is incorrect. To bring himself within the rule, the party must show by his petition that the judge refuses to certify to the statement as he remembers it. No such thing is claimed in this case; on the contrary, the judge did certify to the correctness of the statement as the law requires, and no one claims or pretends that he did not certify to it as he remembered it. But the defendant seemingly wishes, by this petition, to try the case over again, by having the witnesses come before this court and testify to what they said in the trial below. Of course this cannot be done where the judge has certified to the statement as correct, as he recollects the facts. The judge is to say what the witnesses testified to upon the trial, and not the witnesses themselves. The judge, charged with the duty of hearing and knowing what a witness says in his evidence, is more likely to remember what was said than the witness, especially after the lapse of considerable time, as in this case, and this court has no jurisdiction to settle a conflict between the memory of a witness and that of a judge. Neither is it proper for a party to procure affidavits from witnesses as to what they testified to, and present them to the court to influence his settlement of the statement. The statement must be settled by the judge from what transpired in court, and his memory upon the subject is absolute. He cannot resort to a second trial of the case out of court to ascertain what transpired in court.

For these reasons the petition is dismissed, and, even if we had authority to settle the conflict between the memory of the judge and that of the witness, we should say, looking upon the statement as settled and the amendments proposed in the petition, that there was no conflict to settle. The statement substantially contains all that the petitioner asked that it should.

*Petition dismissed.*