THE STATE OF KANSAS v. WILLIAM COMSTOCK.

1. BURGLARY; *"Saloon Building."*   Burglary, under section 68 of the act. relating to crimes and punishments, may be committed in a "saloon building."

2. NEW TRIAL; *Misconduct of County Attorney; Presumption.*  Where a defendant, who has been found guilty of a criminal offense, moves the court for a new trial upon the ground of improper statements made by the county attorney in his opening argument to the jury, and the only evidence introduced on the hearing of the motion tending to show what such statements were, were affidavits of the defendant and his counsel, and the county attorney, and this evidence was conflicting, and the court overruled the motion for a new trial, the supreme court will, in reviewing the ruling of the district court on said motion, presume that the controverted facts, with reference to said statements, were in accordance with that portion of the conflicting evidence which is most in consonance with the ruling of the court below.

3. ———— And where some of such statements of the county attorney seem to be improper, but it does not appear that they might have had any material effect upon the verdict rendered by the jury, the supreme court will not reverse the judgment of the court below, merely because of such improper statements.

*Appeal from Atchison District Court.*

AT the March Term 1878, the defendant was convicted, and sentenced to imprisonment in the penitentiary, and he now appeals to this court.

*Smith & Solomon,* for appellant.

*C. F. Cochran,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for burglary in the second degree, and petit larceny.  The defendant was charged with breaking and entering in the night-time a certain "saloon building," situated in Atchison, Atchison county, in which was kept, stored and deposited at that time certain valuable goods, wares, and money, with the intention of stealing the same, and that he did steal $15.56 thereof.

The defendant was found guilty of both the burglary and the larceny, and was sentenced to confinement and hard labor in the penitentiary for the period of five years and three months. He now appeals to this court. He claims that the judgment of the court below ought to be reversed — first, because he was arrested on a defective warrant; second, because it is not burglary, nor any other offense, to break and enter a "saloon building;" and third, because of misconduct on the part of the county attorney while making his opening argument to the jury. We must decide all these questions against the defendant. The warrant was amply sufficient. Burglary may be committed in a "saloon building." And, although the conduct of the county attorney may have been censurable, yet we do not think that under the circumstances of this case said conduct is quite sufficient to authorize or require a reversal of the judgment below. This action we think was prosecuted under section 68 of the act relating to crimes and punishments. That section provides among other things as follows:

"Every person who shall be convicted of breaking and entering in the night-time * * * any shop, store, booth, tent, warehouse, or other building, or any boat or vessel, in which there shall be at the time some human being, or any goods, wares, or merchandise, or any valuable thing kept or deposited, with intent to steal, or commit any felony therein, shall on conviction be adjudged guilty of burglary in the second degree." (Gen. Stat. 330.)

The question as to the misconduct of the county attorney arose in the court below in the following manner: After the defendant had been found guilty of burglary and larceny, he moved the court for a new trial and set forth among other grounds for a new trial the following:

"Misconduct of the county attorney trying the case, in stating to the jury in his opening argument the following language which was objected to by the defendant at the time: 'Everybody knows that this man is a felon'— meaning and referring to one James R. Tracy, who was a witness for defendant herein — there being no evidence that the witness was ever accused of any felony, or other crime, and there being

no evidence herein that said Tracy was ever convicted of a felony.

"And also, the further misconduct of the prosecuting attorney in the argument of this case before the jury, in this: that in the course of the argument by the county attorney of this case to the jury the defendant's counsel objected to some improper statements made by the said county attorney, and that the said county attorney used the following language to the defendant's attorney, who objected, the same having been said in a loud voice in front of the jury, and during the argument of the county attorney, to-wit: 'Yes, you may keep on objecting. I never knew a guilty man to be on trial for a felony who did not object, and object, until he wore striped clothes in the penitentiary.' That all of said statements of the county attorney were objected to at the time by defendant."

On the hearing of said motion for a new trial, the defendant read in evidence the affidavits of himself and of his attorneys, W. R. Smith and H. C. Solomon. These affidavits stated and showed that the county attorney committed the misconduct charged in said ground for a new trial. It is also stated in the record, that—

"No evidence was introduced on the trial of said cause showing or tending to show that James R. Tracy, one of the witnesses for the defense, had ever been convicted of any felony or infamous crime, and no witness was sworn or gave testimony directly as to his reputation for truth and veracity. But there was testimony showing that the witness Tracy, and the defendant Comstock, who had then been in Atchison only five days, had been together frequently, and become acquainted, had frequently met, and generally at saloons and gambling-houses. Tracy, on direct examination, testified that he had seen Comstock with money every day since his arrival in town; but on cross-examination said he had only seen him with money twice—which question as to his having money in his possession after reaching town was material in said cause; and the witness, in giving his testimony on the witness stand, used profane and improper language, and was censured therefor by the court."

The county attorney read in evidence an affidavit of his own, on the hearing of said motion, which affidavit (omitting the title and venue) is in words as follows:

"C. F. Cochran, of lawful age, having been first duly sworn, deposes and says, he is the county attorney of Atchison county, and as such tried and prosecuted said case in said court. And affiant further says, that upon the argument of said case he did not say to the jury, 'Everybody knows this man is a felon'—in commenting upon the testimony of James R. Tracy, a witness sworn on behalf of defendant on the trial, but that affiant did say in substance, that the 'face, manner, appearance, and testimony of said witness must have convinced the jury that his statements and testimony were absolutely untrue, a tissue of perjury and falsehood; that no defendant could hope to benefit his cause by producing such a witness, for the reason that no jury would pay much attention to such a defense, but would regard it as the effort of one felon to protect another from proper punishment.' In such argument affiant further says he did not say, 'he never knew a *guilty man* to be on trial for felony who did not object and keep on objecting until he wore striped clothes.' But affiant did say in substance, after defendant's objection was overruled by the court, (the court had determined the argument within the evidence and the issue, and told affiant to proceed,) 'I now desire to proceed without further interruption. You object, as is usual with felons overtaken and brought to trial. I never have known one yet who did not object from the time he was arrested until, in striped clothes, he perhaps for the first time earned his bread by honest labor.'"

This is all the evidence that was introduced on the hearing of said motion. The court after hearing the evidence overruled the motion, and then sentenced the defendant as above stated. What evidence was introduced on the trial, except as above stated, we have no means of knowing, as it has not all been brought to this court. It may have proved that the defendant was guilty beyond all possible doubt. And what other proceedings were had, or other occurrences transpired during the argument of the case, except that the county attorney opened the argument, the two counsel for the defendant followed, and the county attorney closed, we do not know, as the record does not show. Evidently however the court below knew everything that transpired in the case from the beginning to the end. The court knew what evidence was

introduced on the trial, and knew just what transpired during the argument of the case; and knowing it all, overruled the motion for a new trial. We must therefore presume that there was ample evidence to prove that the defendant was guilty, and that the statement of the county attorney as to what transpired during the argument of the case is the true statement, as such statement is most in consonance with the ruling of the court on the motion for a new trial. In fact, we must presume all the facts and circumstances to have been such as would favor the correctness of the ruling of the court, except where the record itself affirmatively shows otherwise. Now with all these presumptions in favor of the correctness of the ruling of the court below, with the presumption that the statement of the county attorney as to what transpired during the argument is the correct statement of what occurred, can we say that the court below committed any material error in overruling the motion for a new trial? We think not. It is proper for a jury to scrutinize the "face, manner, appearance, and testimony" of a witness who testifies before them. And therefore it cannot be improper for an attorney, in a proper manner, to call the attention of the jury to the same. It was probably improper for the county attorney in this case to insinuate that the witness Tracy was in fact a felon; but still, as it would seem from the county attorney's own statement that he did so merely as an inference from the "face, manner, appearance, and testimony" of such witness, and not from any outside or extraneous facts, we think it would necessarily follow, that no material injury could have resulted from said insinuation, unless Tracy's "face, manner, appearance, and testimony" actually justified the inference drawn therefrom. The county attorney's answer to the defendant's objections was perhaps also improper. It is perhaps sometimes justifiable to meet frivolous objections with sharp answers; but probably the county attorney went further in this case than was entirely justifiable. It does not appear from the record that the court below justified or approved the improper remarks of the county attor-

ney.   It is true, the court overruled the defendant's motion for a new trial; but the court in doing so probably merely held that such remarks did not under the circumstances of the case prejudice any of the substantial rights of the defendant. We fully agree with all the authorities cited by the defendant upon this subject, to-wit: *Winter v. Sass*, 19 Kas. 557, 565, 566; *Brown v. Swineford*, 44 Wis.; *State v. Smith*, 75 N. C. 306; *Brown v. Swineford*, 7 Cent. Law Jour. 208; *Ferguson v. State*, 49 Ind. 33; *Rolfe v. Rumford*, 66 Maine, 564; *Tucker v. Henniker*, 41 N. H. 317.

Courts ought to confine counsel strictly within the facts of the case; and if counsel persistently go outside of the facts of the case in their argument to the jury, then the court should punish them by fine and imprisonment; and if they should obtain verdict by this means, then the court should set such verdicts aside.   Under the facts of this case however we must presume that the verdict would necessarily have been just what it was, even if the remarks as made by the county attorney had never been made.   We must presume that said remarks did not have the slightest effect upon the verdict of the jury.

The judgment of the court will be affirmed.

All the Justices concurring.