HIGLEY, respondent, *v.* GILMER, appellant.

STATUTORY CONSTRUCTION — *act governing appeals in action brought in 1876* — *filing papers "by" a certain date.* A. commenced this civil action April 24, 1876, and obtained a judgment against B. in December, 1878, when a trial was had. The court below extended the time for B. to file his notice of motion for a new trial from December 23, 1878, until January 9, 1879, and also ordered that the bill of exceptions and statement be filed "by" January 20, 1879. B.'s motion for a new trial was filed January 8, 1879, and some affidavits in support of the same were filed January 20, 1879. A. objected to the use of the affidavits on the hearing of the motion, but the objection was overruled and the motion was refused April 4, 1879. *Held,* that the Code of Civil Procedure, approved February 16, 1877, does not govern this appeal, and that the same must be determined under the amendments to the Civil Practice Act, approved February 13, 1874. *Held,* that the affidavits could be filed January 20, 1879.

PRACTICE — *allowance of exceptions.* The evidence and many errors relied on by B. did not form a part of any bill of exceptions that had been reduced to form and signed by the judge who tried the cause. *Held,* that this court cannot consider the same on this appeal.

NEW TRIAL — *statements of attorney outside of evidence.* The affidavits of B. showed that counsel for A. in arguments to the jury referred to matters which were not in the evidence. No exception was taken or saved to these statements which were embodied in the affidavits after the entry of the judgment. This conduct was one of the grounds in B.'s motion for a new trial. *Held,* that this court cannot consider this ground of the motion, because no exception was taken to the statements when they were made.

CASE AFFIRMED. The case of *Kinna* v. *Horn,* 1 Mon. 597, holding that an exception should be saved to the action of the court when the conduct of an attorney is complained of, affirmed.

EVIDENCE — *cross-examination refused on matters afterward offered as rebuttal.* Upon the trial, the court refused to allow B., upon the cross-examination of A., to inquire concerning some matters, which had not been testified about and were afterward offered in rebuttal by A. The evidence was not before this court for examination, and the effect of this ruling on B.'s rights could not be determined. *Held,* that it does not appear that the court below abused its discretion in directing the order of proof, and that this ruling does not entitle B. to a new trial.

*Appeal from Third District, Lewis and Clarke County.*

THIS is the second appeal of the action. The first appeal is reported *ante,* 90. The action was tried before WADE, C. J., who

entered judgment on the verdict for Higley, and refused the motion for a new trial.

SANDERS & CULLEN and E. W. & J. K. TOOLE, for appellants.

This court cannot assume to correct or disturb the transcript, or any part which is in the bill of exceptions given by the court below. If the bill of exceptions was not properly before the court, on the motion for a new trial, it embodies the evidence that is legally before the court in passing upon the questions of law involved. More evidence may have been preserved than is necessary, but the proper mode to have remedied this was for the judge who tried the cause to strike it out. This court will not attempt to do so, and thereby prepare a bill of exceptions, when it is the province of another tribunal to amend the same.

The bill of exceptions is a part of the record, and may be used for all the purposes of a statement on appeal, and may explain the applicability of the instructions offered, or competency or incompetency of evidence introduced. 3 Estee's Pl. (2d ed.) 421–425 ; *Loucks* v. *Edmondson,* 18 Cal. 203 ; *Towdy* v. *Ellis,* 22 id. 650 ; *Wetherbee* v. *Carroll,* 33 id. 549 ; *Berry* v. *S. F. & N. P. R. Co.,* 47 id. 643.

This court will not entertain for the first time the objection that no copy of what counsel calls " the statement " was served. This objection was not taken or passed upon in the court below, and no exception or appeal was taken thereon. Whether we treat this as a bill of exceptions or statement, the objection is waived by the submission of the motion for a new trial. *Williams* v. *Gregory,* 9 Cal. 76 ; *Dickinson* v. *Van Horn,* id. 207 ; *Kimball* v. *Semple,* 31 id. 657 ; *Morris* v. *Angle,* 42 id. 236.

The statute gave the court power to extend the time for filing the statement and affidavit. They were filed in time, the rule being to exclude the first day and include the last. Civ. Pr. Act, § 578 ; Code Civ. Proc., § 519 ; Sts. 8th Sess. 52, § 14 ; *Bryan* v. *Maume,* 28 Cal. 238.

It devolved on respondent to show he was accepted as a passenger, and took his seat as such. There was error in not allowing respondent to be cross-examined upon this point, and allowing respondent to make such proof as rebuttal testimony.

The misconduct and irregularity on the part of respondent's attorney were prejudicial to the appellants' case, and affected their substantial rights. Chicago Legal News, Dec. 21, 1878, 111.

CHUMASERO & CHADWICK and SHOBER & LOWRY, for respondent.

The motion for a new trial and affidavits in support thereof were not filed according to law or the order of the court. Code Civ. Proc., § 287. No copy of statement on motion for a new trial was served on respondent or his attorneys. The evidence taken upon the trial was not settled by the judge who tried the cause, and has not been set forth in the manner required by law. The Code of Civil Procedure, passed at the tenth session of the legislative assembly, governs these proceedings.

The bill of exceptions and statement were to be filed by January 20, 1879. They were filed on that date, and cannot be considered by this court. When an act is to be done " by " a given day, or a party has " until " a certain day to perform any thing, the day named must be excluded, and the act must be done on or before the date prior to that specified. *Rankin* v. *Woodworth*, 3 P. & Watts, 48; *Richardson* v. *Ford*, 14 Ill. 332; *People* v. *Walker*, 17 N. Y. 502.

The so-called exception was not reduced to form, or signed by the judge of the court below, until after the motion for a new trial had been overruled, and cannot be considered on this hearing as a statutory bill of exceptions. This court can examine only the judgment-roll. The evidence is not properly before this court.

Respondent waived no rights in the court below. No notice of the motion for a new trial was served on respondent. *Franklin* v. *Reiner*, 8 Cal. 340; *Harper* v. *Minor*, 27 id. 107; *Keeran* v. *Allen*, 33 id. 542.

The point of appellants, relating to irregularity in the argument of counsel, cannot be sustained. The question was not saved properly. The counter affidavits excuse or justify it. No objection was made at the time to the course of counsel. It is not shown by the transcript that respondent's counsel were not replying to comments of appellants' counsel. *Richie* v. *State*, 59 Ind. 121.

There was no error in refusing to allow appellants to cross-examine respondent. He was not examined concerning any thing that had been testified about on his direct examination. Appellants were trying to make out their defense, and prove the affirmative matter set up in their answer by the cross-examination of respondent before they had opened their case. When respondent was called in rebuttal, he was fully cross-examined as to the same matter by appellant, and appellants could not have been injured.

BLAKE, J. The respondent maintains that the appellant cannot be heard on any errors which do not appear in the judgment-roll. This action was commenced April 24, 1876. The judgment was entered December 23, 1878, and the court below made the following order, December 26, 1878 : That the time for preparing, filing and serving the notice of the motion for a new trial, the points in writing specifying the grounds thereof, and all papers pertaining thereto, be extended until January 9, 1879; that the bill of exceptions and statement on said motion " be prepared and filed by " January 20, 1879 ; and that the appellants " have ten days thereafter to file amendments to said bill of exceptions and statement." The respondent excepted to the action of the court in granting this order. The appellants filed their motion for a new trial January 8, 1878, and some affidavits in support of the same January 20, 1879. The respondent moved to strike from the files the evidence and affidavits filed by the appellants, and objected to the use of any documents on the hearing of the motion for a new trial, which were not contained in the judgment-roll. The motion and objections were overruled by the court. Affidavits were filed afterward by the respondent, and the motion for a new trial was refused April 4, 1879.

The first question raised by counsel relates to the statute which must govern this appeal. We think that the Code of Civil Procedure, approved February 16, 1877, cannot control any question before us. The proviso of the six hundred and seventy-fourth section is as follows : " Provided, that this act shall not be so

construed as to affect any suit or proceeding that may be pending in any court of this Territory at the time this act shall take effect." The following section provides that " this act shall take effect and be in force on and after the first day of August, one thousand eight hundred and seventy-seven," except certain chapters and sections, " which shall take effect and be in force from and after its passage." In moving for a new trial and preparing bills of exceptions, the appellants were required to proceed according to the fourteenth, fifteenth and sixteenth sections of the Civil Practice Act, approved February 13, 1874. In the interpretation of these provisions we follow the decisions of this court in a number of cases. *Taylor* v. *Holter*, 2 Mon. 476 ; *Daniels* v. *Andes I. Co.*, id. 500 ; *First Nat. Bank* v. *Irvine*, id. 554. The evidence, which is embodied in the transcript, does not form a part of any bill of exceptions that has been signed by " the judge who tried the cause," and must be disregarded. No motion has been made that this judge be permitted to sign any bill of exceptions in this action, although the attention of the appellants was directed to this subject in the court below. Sts. 8th Sess. 53, § 15. Most of the alleged errors relied on by the appellants cannot be considered by this court for the foregoing reason.

The respondent claims that we cannot examine the affidavits and papers which were filed January 20, 1879, because the appellants did not comply with the order of the court below, which required that the same, or a part thereof, should be filed " by " January 20, 1879. Our attention has not been called to any authorities which determine this inquiry. In *Rankin* v. *Woodworth*, 3 Penr. & W. (Pa.) 48, it is held that a contract to have a mill " completed by November next," means that it shall be finished before said month of November ; and that " when a thing is ordered by a particular day, it is with a view of having the use of it on the day." In *Coonley* v. *Anderson*, 1 Hill (N. Y.), 519, it is held that a contract to deliver by a certain day, means on or before the day. While some of the cases support the views of the respondent in the construction of the word " by," we have concluded, after an examination of the orders of the court below, that it was the intention to allow the appellants

to include said twentieth day of January, in the period of time within which the bill of exceptions or statement must be filed.

There are two matters for our determination upon this hearing. The appellants insist that their rights were prejudiced by the irregular conduct of the counsel for the respondent in commenting upon subjects which were not in evidence before the jury. It appears from the affidavits that remarks were made during the argument of the case concerning the action of the appellants in increasing their rates for the transportation of passengers between Helena and Butte; that one of the attorneys for the appellants objected at the time to the same; that another attorney for the appellants withdrew the objection; that the court then observed to the jury that they must take no notice of any thing said by the attorneys, which was not in the testimony; that afterward counsel for the respondent referred to the amount of the verdict at the first trial of this action, the reversal of the judgment by this court, the opinion and reasons of this court on the first appeal, and the intention of the appellants to carry the case to the supreme court of the United States, if any decision was rendered against them; and that no other objection was made, and no exception was taken by the appellants to these proceedings. We are of the opinion that the case of *Kinna* v. *Horn*, 1 Mon. 597, is decisive of this point. Kinna, the appellant, in some affidavits, complained of the conduct of the respondent, and one of his attorneys, but did not save an exception to any action or ruling of the court below thereon. It was held that it did not appear that the irregularities affected the verdict of the jury; that this court, in the absence of proof thereof, could not presume that they had any effect thereon, and that the refusal of the judge who tried the cause to grant the motion for a new trial upon this ground could not be deemed an abuse of discretion. These principles are sustained by the authorities. When an irregularity of this character occurs, the counsel for the aggrieved party should promptly ask the court to correct the same, and, upon the failure to obtain redress, an exception to the ruling or action of the court should be taken and saved. In the case at bar, there is no exception of this nature for us to

review, and we cannot say that the court below abused its discretion in refusing to grant the motion for a new trial. *People* v. *Torres*, 38 Cal. 141 ; *Gillooley* v. *State*, 58 Ind. 182 ; *Wilkins* v. *Anderson*, 11 Penn. St. 399 ; *State* v. *Comstock*, 20 Kans. 650.

The appellants contend in their written argument that the court erred in not allowing them to cross-examine the respondent upon certain matters, and in permitting the respondent to make proof thereof in rebuttal. The exception relating thereto was properly saved. In the absence of the evidence, we cannot determine the effect of this ruling upon the rights of the parties. If the transcript contains a complete and accurate report of all the testimony upon the trial (and the appellants insist that it does), we have no hesitation in asserting that no injury was done to the appellants, because it appears that the subject was investigated thoroughly and witnesses for all the parties were examined thereon. But we are prohibited by the legal rules which have been referred to, from considering the transcript for this object. It is, however, conceded by the parties that the matters, respecting which the appellants wished to cross-examine the respondent on his direct examination, were introduced in rebuttal. The appellants do not claim that their right of cross-examination was restricted at this stage of the trial, and we can infer that the same was exercised. It is a general rule that the court can direct the order of proof, and the error complained of is, in substance, that this testimony was submitted to the jury at an improper time. It does not appear that the discretion of the court below in this particular was abused. In *Philadelphia & T. R. Co.* v. *Stimpson*, 14 Pet. 448, Mr. Justice STORY says : " The mode of conducting trials, the order of introducing evidence, and the times when it is to be introduced, are, properly, matters belonging to the practice of the circuit courts, with which this court ought not to interfere." In *Johnston* v. *Jones*, 1 Black, 209, Mr. Justice SWAYNE in the opinion says : " We estimate at its highest value ' the power of cross-examination.' The extent to which it may be carried, touching the merits of the case, was defined by this court in " *Philadelphia & T. R. Co.* v. *Stimpson, supra.* " The rule there laid down, this court has since adhered to. A

cross-examination for other purposes must necessarily be guided and limited by the discretion of the court trying the cause. The exercise of this discretion by a circuit court cannot be made the subject of review by this court." In *Thornton* v. *Hook*, 36 Cal. 223, the court says that "a party who has not yet opened his own case cannot be allowed to introduce it by a cross-examination of the witness of his adversary." The court alludes to the difficulty of prescribing the limits to a cross-examination, when both sides of a case are founded upon the same or cognate facts, and says: "Where such are the conditions, the course to be pursued must inevitably be left to the discretion of the judge below, and his ruling cannot be regarded as a legitimate subject for a bill of exceptions." *Ellmaker* v. *Buckley*, 16 S. & R. 72; *Burke* v. *Miller*, 7 Cush. 547; 1 Greenl. Ev., §§ 445–447. No error appears in this part of the record.

*Judgment affirmed.*