### TERRITORY, respondent, *v.* O'BRIEN, appellant.

CRIMINAL PRACTICE — *Exceptions to instructions, how saved* — *Time of signing bill of exceptions cannot be extended except by a judge.* — Section 327, division 3, section 253, subdivision 7, division 1, and section 348, division 3, Revised Statutes of Montana (sec. 328, div. 3, sec. 262, subd. 7, div. 1, sec. 349, div. 3, Comp. Stats. Mont.), construed together in reference to the proper manner of saving an exception to an instruction to the jury. *Held,* that any objection either party may have to any instruction given to the jury must be reduced to writing and filed with the clerk before the cause is submitted to the jury. Otherwise it will be considered waived. The construction of section 253, aforesaid, in *Randall* v. *Greenhood*, 3 Mont. 511, approved. A bill of exceptions must be formulated and signed within ten days after the trial, unless for good cause the judge or one of the justices of the supreme court extends the time. The county attorney has no power to stipulate for an extension of the time; and a practice whereby the parties can at their pleasure extend the time by stipulation cannot be tolerated.

NOTE. — By an act of the extra session of the fifteenth legislative assembly of the territory, approved September 13, 1887, Acts of Extra Session, p. 67, all instructions are deemed excepted to, without saving the same.

*Appeal from District Court, Deer Lodge County.*

THE opinion states the case.

*Knowles & Forbis,* for the appellant.

*D. M. Durfee,* county attorney, for the respondent.

McCONNELL, C. J. — In this case the defendant was indicted for murder in the first degree, tried at the April term of the district court of Deer Lodge County, and convicted of murder in the second degree. His motion

for a new trial was disallowed, and he has appealed in error to this court.

Upon the trial the defendant relied upon the plea of self-defense, and he assigns, as the ground upon which he relies for a new trial in this court, errors of law contained in instruction No. 11. It appears from the record that the jury was charged on the 29th of May, and returned the verdict on the 30th. There was no exception taken to the instruction now complained of at the time it was given to the jury, so far as the record discloses. When it was presented to the court, he made the following indorsement on it, to wit: "This exception, No. 11, presented to me for the first time for allowance and signature this ninth day of July, 1886, and after the adjournment of court for the term." The question is, whether an exception signed under these circumstances can be considered. Section 327, page 331, Criminal Practice Act, provides that "on the trial of any indictment or prosecution for a criminal offense, exceptions to the decisions of the court may be made in the same cases and in the same manner as provided by law in civil cases; and bills of exceptions shall be settled, signed, and filed as allowed by law in civil cases." Section 253, subdivision 7, page 85, Code of Civil Procedure, provides that "if any party to the trial desires to except to any instructions given by the court, or to the refusal of the court to give any instruction asked for, or any modification thereof, he shall reduce such exception to writing, and file the same with the clerk before the cause is submitted to the jury." Then, upon the trial of an indictment, an exception to any instruction given by the court to the jury must be reduced to writing, and filed with the clerk before the cause is submitted to the jury. Can, then, an exception to an instruction be taken more than five weeks after the cause is submitted to the jury, and after the court has adjourned? We think not.

It is insisted that this statute is directory, and that the time may be extended at the discretion of the trial judge. Section 348, page 333, Criminal Practice Act, provides that " a bill containing the exceptions must be settled and signed by the judge and filed with the clerk of the court within ten days after the trial of the cause, unless further time be granted for good cause by the judge or one of the justices of the supreme court." It appears from the record that, by stipulation between the county attorney and the defendant, on the twenty-ninth day of May, the defendant was given five days within which to prepare and file his bill of exceptions; and then, again, on June 10th, a stipulation was made by the county attorney to extend the time to July 2d; and then, again, the further time was stipulated for by the same parties to July 10th.

There is no provision of law clothing the county attorney with the power, for good cause, to extend the time prescribed by law for formulating the bill of exceptions. This is conferred upon the judge or one of the justices of the supreme court. Construing these statutes together, we hold that any objection either party may have to any instruction given to the jury must be reduced to writing and filed with the clerk before the cause is submitted to the jury. The filing is doubtless for the purpose of bringing it to the notice of the court, who may thereby discover that the instruction is erroneous, and modify it so as to make it conform to the law. At any rate, the exception must be then and there taken, reduced to writing, and the attention of the court called to it, or the objection to the instruction will be considered as waived.

This court, in the case of *Randall* v. *Greenhood*, 3 Mont. 511, gave the same construction to this statute. The court, in construing section 253, Code of Civil Procedure, says that " the mere statement of the record that

the court was asked to give certain designated instructions which were refused, and an exception taken, or that the plaintiff objected to the giving of certain instructions that were afterwards given, to the giving of which the party objecting excepted, without reducing such exceptions to writing, and filing the same with the clerk, is no compliance with this section of the code." The court further says: "We cannot regard exceptions that have not been taken and saved in substantial compliance with this statute." *Territory* v. *McClin*, 1 Mont. 394; *Hale* v. *Park Ditch Co.*, 2 Mont. 498; *Higley* v. *Gilmer*, 3 Mont. 433. And the bill of exceptions must be formulated and signed within ten days after the trial, unless for good cause the judge, or one of the justices of the supreme court, extends the time.

A practice so loose that it allows the parties to make their own stipulations, and extend the time at their pleasure, cannot be tolerated. It may be argued that the judge having signed the exception on the 9th of July is a ratification of the stipulation to allow until the 10th in which to make up the bill of exceptions. We do not think so. The very indorsement which he made upon it shows that the learned judge signed it under protest.

Besides, the right to have ten days after the trial within which to make up the bill of exceptions, and which may be extended at the discretion of the trial judge, or one of the justices of the supreme court for good cause, does not apply to an exception to an instruction given to the jury, but to the general bill of exceptions within which such exception, when properly taken, may be incorporated.

It follows, then, that instruction No. 11 was not objected to, so far as the record discloses, until after the case was submitted to the jury, and we cannot consider it. If there was any error in it, it was waived by the

failure of the defendant to except to it at the proper time and in the proper manner. Let the judgment of the court below be affirmed.

*Judgment affirmed.*

BACH, J., and MCLEARY, J., concur.