Hon. WILLIAM H. DE WITT, } Associate Justices.
Hon. EDGAR N. HARWOOD, }

9 381
10 484
10 561

9 381
15 216
23* 933
38*1066

9 381
16 39

9 381
18 13

---

## IN RE THOMPSON.

HABEAS CORPUS—*Instruction—Trial—Verdict.*—Where the defendant, in a criminal trial, at the close of the case for the State, asks for an instruction to acquit, and the jury, though instructed that they may find a verdict of not guilty, return a verdict of guilty, he has had a trial as contemplated by law, though he lost his opportunity to testify by submitting his case to the jury upon the supposed failure of the prosecution, and cannot be released on habeas corpus. Irregularities in the verdict and judgment cannot be reviewed on habeas corpus.

OBJECTIONS—*Misunderstanding between judge and counsel—Discharge of jury—Bills of exception.*—In the case at bar, after the rendition of the verdict, the court asked defendant's counsel if he had any objection to the discharge of the jury, and understanding him to say, "I have none," discharged the jury; but counsel asserts that he objected in the words "I have." *Held*, that though the objection was insufficient, this court is bound by the recollection of the trial judge who certified the bill of exceptions. (Cases of *Helena* v. *Albertose*, 8 Mont. 499; *Hale* v. *Park Ditch Co.* 2 Mont. 498, cited.)

VERDICT—*Amendments.*—After a verdict is rendered and recorded and the jury discharged, the province of the jury is exhausted, and the verdict cannot then be changed in substance though the court has the power to amend it as to informalities.

HABEAS CORPUS—*Insufficiency of evidence to support verdict.*—On habeas corpus, this court cannot consider an objection that the verdict is null and void because contrary to the decision of the trial court that the evidence was insufficient, as the remedy for such error is a motion for a new trial.

On petition for a writ of habeas corpus.

Statement of facts, prepared by the judge delivering the opinion.

The defendant was indicted in the Fifth Judicial District for rape. He was placed upon trial before a jury. After the State had produced all the testimony at its command, the defendant asked the court to peremptorily instruct the jury to acquit. The court declined to give the instruction in terms as requested, but gave the following: "The State having failed to make out their case, gentlemen of the jury, you may find a verdict of not guilty." The jury then retired to consider their verdict. At no time before their retirement did defendant produce or offer any evidence in his defense. The jury returned the following verdict: "We, the jury, do find from the evidence produced by the State that the defendant Thompson is guilty of the crime charged in the indictment, notwithstanding the instructions of the court." After the rendition of this verdict the court asked counsel if they had any objections why the jury should not be discharged. Counsel for defendant asserts that he replied, "I have." The court understood him to say, "I have none," and discharged the jury. Then defendant's counsel demanded that the trial proceed, and that he be allowed to introduce testimony in his behalf. This the court denied, and sentenced the defendant to imprisonment in the penitentiary. The defendant, the petitioner herein, seeks a writ of habeas corpus, and asks for his discharge from the imprisonment, the result of such sentence. By the petition, and from the bill of exceptions used upon the hearing, the above facts were presented to this court.

*Word & Smith,* for Petitioner.

Under the writ of habeas corpus the court can always inquire into the lawfulness or legality of the imprisonment of any person appealing thereto. If the judgment is unlawful or void, the court will discharge any person confined thereby upon application for writ of habeas corpus. (*Ex parte Yeger*, 8 Wall. 101; *Ex parte Gibson*, 31 Cal. 619; *Territory ex rel. McCan* v. *Sheriff of Gallatin County*, 6 Mont. 297; Church on Habeas Corpus,

§§ 271, 348, 362, 366, 370, 371.) We are not to be understood as urging herein that a mere irregularity in the manner of procedure will be such an unlawful imprisonment as the court will grant relief from on habeas corpus. But if there is such a defect in the law, or the judgment was arrived at in a manner unknown, or contrary to the law, then such judgment is void, and the court can and ought to release any one who is thus unlawfully held. (See note ·on p. 66, Church on Habeas Corpus; Const. Mont. art. iii. § 27.) We contend in this case that there never has been a trial. The trial guaranteed by the constitution is such a trial as was known to the common law. In order to ascertain what a trial by jury was, it is necessary to examine the subject as we find the same in 3 Sharswood's Blackstone's Com. page 366, side page 367. But we are not compelled to rely upon what was meant by a trial by jury, under the common law, for our statute has crystallized the common law and made so plain of what a trial consists that even "a fool may read as he runs." (§ 307, p. 461, Comp. Stats.) A criminal trial once commenced must be carried to its close, and a failure to finish it is equivalent to an acquittal of the defendant. (*Butler* v. *McMillen*, 13 Kan. 391.) In the case at bar there was no trial, the verdict was rendered and sentence pronounced before the trial ended; the jury was discharged over the protest of the petitioner's attorney. The instruction given by the court to the jury, directing a verdict of not guilty, is the correct law and practice of such a case as is presented in the bill of exceptions. (*Territory* v. *Hanna*, 5 Mont. 248.) The question of the legal sufficiency of the evidence in any given case is a question for the court and not for the jury. (Thompson on Trials, §§ 2242, 2243, 2244; *Clarke's Adm'r* v. *Marriott's Adm'r* 8 Gill, 334; *Harris* v. *Woody*, 9 Mo. 113; *Commrs.* v. *Clark*, 94 U. S. 284; *Pleasants* v. *Fant*, 22 Wall. 120.) If, as we assert, the court had the power to decide upon the legal sufficiency of the evidence, and as the court actually did pass upon the legal sufficiency of the evidence, and instructed the jury to return a verdict of not guilty, then a verdict of guilty is in law absolutely null and void, and the judgment thereafter entered is also void, being without law to support it. The sentence is illegal and void, and hence the court on a writ of habeas corpus will dis-

charge the petitioner. (See note on p. 225, vol. 9, Am. &
Eng. Encycl. of Law; *Ex parte Wilson*, 114 U. S. 422.)

*Henri J. Haskell*, Attorney-General, and *H. J. Burleigh*, for
the State, *contra*.

The petition alleges that the said Thompson is confined upon
a commitment issued upon a void judgment, thereby admitting
the jurisdiction of the court. Where the person is confined upon
a final judgment, or upon any process issued upon such judgment,
the writ must not issue. (§ 1182, p. 977, Comp. Stats.; *Ex parte
Winston*, 9 Nev. 74.) The allegation in the petition, that the
sentence and judgment are absolutely void and worthless in law,
is a conclusion of law and not a statement of fact. (*Ex parte
Deny*, 10 Nev. 212.) The petitioner disclaims against the right
exercised by the jury in rendering a verdict of guilty. He
assumes that they must in law obey the instructions of the
court. When the defendant moved the court to instruct the
jury to bring in a verdict of not guilty, he placed himself in
the same position as he would have been had he offered evidence
in his behalf and rested. His motion was in effect to rest his
case. He gambled for a verdict and lost. The writ of habeas
corpus cannot be made, unless it be by express statute, to per-
form the functions of a writ of error, in bringing under review
a judgment or sentence of a competent tribunal, simply for errors
or irregularities in the proceedings, or in the rendition of the
judgment or sentence; that must be done by some more direct
and appropriate proceeding. (*State* v. *Glenn*, 54 Md. 608; *State*
v. *Bell*, 4 Gill, 301; *Rex* v. *Suddis*, 1 East, 306; *Ex parte Wat-
kins*, 3 Peters, 193; *Ex parte Reed*, 100 U. S. 13, 23.) An er-
roneous judgment is defined in *Ex parte Parks*, 93 U. S. 21. It is
contended by the petitioner that by error in the proceedings at
the trial and the rendition of the judgment on the verdict, under
and by which he is imprisoned, constitutes the ground for the
issuance of the writ. In this he is in error. The general rule
is, that a conviction and sentence by a court of competent juris-
diction is lawful cause of imprisonment, and no relief can be
given by habeas corpus. (*Ex parte Siebold*, 100 U. S. 375.)
The only ground on which this court, or any court, without

some special statute authorizing it, will give relief on habeas corpus to a prisoner under conviction and sentence of another court, is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void. (*Ex parte Siebold, supra.*) We take the ground that the most that can be claimed by the petitioner is that the judgment is erroneous, hence to issue a writ of habeas corpus would be to make the writ serve as a writ of error. We are satisfied with the doctrine laid down by Bradley, J., in *Ex parte Winston,* 9 Nev. 75, wherein he says: "A writ of habeas corpus is not a writ of error. It cannot be used to authorize the exercise of appellate jurisdiction. On a habeas corpus the judgment of an inferior court cannot be disregarded. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until reversed; and when the imprisonment is under process, valid on its face, it will be deemed *prima facie* legal, and if the petitioner fails to show a want of jurisdiction in the magistrate or court whence it emanated, his body must be remanded to custody." (*People* v. *Cavanaugh,* 2 Parker, Cr. C. 658; *People* v. *McCormack,* 4 Parker, Cr. C. 18; *People* v. *Cassels,* 5 Hill, 167; *Williamson's Case,* 26 Pa. St. 17; *Ex parte Toney,* 11 Mo. 662; *In re O'Connor,* 6 Wis. 290; *Platt* v. *Harrison,* 6 Iowa, 80; *Ex parte Watkins,* 3 Peters, 193; *In re Callicot,* 8 Blatchf. 89; *Ex parte McCullough,* 35 Cal. 100; *Ex parte Murray,* 43 Cal. 457; *Ex parte Fisher,* 6 Neb. 311; *Commonw.* v. *Deacon,* 8 Serg. & R. 72.) In Texas the rule is that the court will not go behind the commitment, and in our judgment, conforms to the rule laid down in section 1182 of our statute. In *Ex parte Ezell,* 40 Tex. 451, Roberts, C. J., says: "When the application for the writ of habeas corpus shows that the applicant is restrained of his liberty by a sheriff, acting under a commitment issued by the District Court after trial and judgment of conviction for a felony, the writ will not be awarded." This doctrine is affirmed in *Ex parte Fuller,* 19 Tex. App. 242; *Ex parte McGrew,* 40 Tex. 476; *Darrah* v. *Westerlage,* 44 Tex. 388; *Matter of Underwood,* 30 Mich. 502; Church on Habeas Corpus, p. 483, § 366; Freeman on Judgments (3d ed.), § 621; *In re Blair,* 4 Wis. 532; *In re Perry,* 30 Wis. 271; *Hauser* v.

*Wisconsin,* 33 Wis. 680; *Ex parte Crandall,* 34 Wis. 179; *Ex parte Semler,* 41 Wis. 523; *Ex parte McKivett,* 55 Ala. 238; *Ex parte Van Hagan,* 25 Ohio St. 432; *Ex parte Shaw,* 7 Ohio St. 81; *Ex parte Hubbard,* 65 Ala. 473; *Ex parte Burnett,* 30 Ala. 461; *Ex parte Simmons,* 62 Ala. 416; *Kirby* v. *State,* 62 Ala. 55; *Ex parte Granice,* 51 Cal. 375; *Ex parte McLaughlin,* 41 Cal. 211; *Ex parte Hartman,* 44 Cal. 35. A writ of habeas corpus cannot be made to perform the functions of a writ of error. To warrant the discharge of the prisoner, the sentence under which he is held must be, not merely erroneous and voidable, but absolutely void. (*Ex parte Reed,* 100 U. S 23; *Ex parte Kearney,* 7 Wheat. 38; *Ex parte Milligan,* 4 Wall. 2.) The authorities cited in *Ex parte Gibson,* 31 Cal. 628, are conclusive of the case now under consideration.

DE WITT, J.—The petitioner purports not to contend that the writ of habeas corpus is a writ of error. He announces his position to be that the judgment of the District Court, by virtue of which he is confined, is null and void. If this be correct, the writ lies. The Fifth District Court was a court of competent criminal jurisdiction. It had jurisdiction of the person of the defendant, and of the offense. It had jurisdiction to pronounce the judgment in question. The petitioner is in custody upon a final judgment of a competent court.

The statute of the State upon the subject of habeas corpus has the following provisions: "Sec. 1182. It shall be the duty of such judge [or court before which the petitioner is brought], if the time during which such party may be legally detained in custody has not expired, to remand such party, if it appear that he is detained in custody by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or upon any process issued upon such judgment, or decree, or in cases of contempt of court. Sec. 1183. If it appear upon the return of the writ of habeas corpus, that the prisoner is in custody by virtue of the process from any court in the Territory [State], or judge or officer thereof, such prisoner may be discharged in [any] of the following cases, subject to the restrictions of the last preceding section: . . . . *Fourth,* when the process, though proper in form, has been in a case not

allowed by law. . . . . *Sixth*, where the imprisonment is not authorized by any judgment, order, or decree of any court, nor by any provision of law." The petitioner relies upon the above laws. His argument may be stated in two points: *First*, the judgment is void because there never was any trial; *second*, the court having decided that the evidence was legally insufficient, the verdict of the jury contrary to such decision is void, and consequently the judgment.

We will examine the first proposition. The statute declares the common law, and defines what a trial is. Criminal Practice Act: "Sec. 307. The jury being impaneled and sworn, the trial shall proceed in the following order: *First*, the attorney prosecuting must state the case, and offer the evidence in support of the prosecution; *second*, the defendant or his counsel may then state his defense, and offer evidence in support thereof." Other provisions follow, which are not here material. The petitioner contends that the proceedings in the District Court which resulted in the judgment lacked a vital element of a trial, in that defendant was deprived of testifying or producing witnesses in his own behalf, and that therefore there was no trial as contemplated by law, and consequently no verdict or judgment. The defendant was not precluded by the court from making his defense. At the close of the case for the State, defendant offered no evidence, as allowed by subdivision 2, section 307, *supra*. He was not obliged to testify or offer witnesses. He submitted his case, as he had the right, upon what he may have considered the weakness or the failure of the prosecution. The practical result of the defendant's asking the court to instruct the jury to acquit, and the final action of the jury, was that the defendant lost his opportunity to testify and offer witnesses in his behalf.

Again, the petitioner urges that he was precluded from offering evidence, upon his demand so to do, after the jury had rendered their verdict. There seems, from the bill of exceptions, to have been some misunderstanding between the judge and the defendant's counsel as to the discharge of the jury—a misunderstanding which, we take occasion to say, was thoroughly honest on each side. The judge understood counsel to consent to the discharge. Counsel claims that he objected, however, in these words, "I have." This is not a good objection. (See

*City of Helena* v. *Albertose*, 8 Mont. 499.) This court, how-
ever, is bound by the recollection of the judge below, who cer-
tifies the bill of exceptions, unless the same be amended as·
provided by section 328, Criminal Practice Act, and section 291,
Code of Civil Procedure. (*Hale* v. *Park Ditch Co.* 2 Mont. 498.)

It is clear that defendant's demand to introduce his testimony
was subsequent to the discharge of the jury. When the verdict
is rendered and recorded, and the jury discharged, the jury is
*functus officio.* Prior to that time the verdict is in the control
of the jury, in some respects. After those events the province
of the jury is exhausted. The verdict cannot then be changed
in substance. This view does not conflict with the power of
the court to amend a verdict as to informalities. (*Walters* v.
*Junkins,* 16 Serg. & R. 414; *McConnell* v. *Linton,* 4 Watts, 357;
*Bishop* v. *Mugler,* 33 Kan. 145; *Root* v. *Sherwood,* 6 Johns. 68;
*Settle* v. *Alison,* 8 Ga. 201; *State* v. *Waterman,* 1 Nev. 551; *Snell*
v. *Bangor Navigation Co.* 30 Me. 337.)

If the verdict, when once the record of the court, cannot be
changed in substance or materiality, then, *a fortiori*, a verdict
cannot be ignored, and the jury allowed to reopen the case, and
hear further testimony, which a party did not choose to present
on the trial at the time when he had opportunity so to do. To
countenance such a practice would be to allow every party in an
action, criminal or civil, to submit his case on what he might
deem his chances of success, and, if the verdict was not to his
liking, come back with further evidence. We are of opinion
that petitioner did have a trial. We cannot on this hearing
inquire what irregularities or errors occurred thereat.

As to petitioner's second point, that the verdict is null and
void because contrary to the decision of the trial court that the
evidence was insufficient, it is tantamount to the assertion that
the verdict and the consequent judgment are void because the
verdict is contrary to the evidence and instructions of the court.
The remedy for such alleged error is a motion for a new trial.
This court, on habeas corpus, cannot inquire into such matters.
If it could, the writ of habeas corpus would perform all the
functions of appeal, writ of error, motion for a new trial, and
*certiorari.* Such is not the practice.

The propositions presented in this application are by no means

new. There is a rich and abundant legal literature upon the subject. We refer to a few of the cases sustaining our views: *Ex parte Toney*, 11 Mo. 662; *Ex parte Winston*, 9 Nev. 71; *Ex parte Lange*, 18 Wall. 163; *Ex parte Reed*, 100 U. S. 13; *Ex parte Siebold*, 100 U. S. 371; *Ex parte Gibson*, 31 Cal. 620; *Petition of Semler*, 41 Wis. 517; *Ex parte Watkins*, 3 Peters, 193; *Ex parte Parks*, 93 U. S. 18; *Ex parte Wilson*, 114 U. S. 417; *Ex parte Yarbrough*, 110 U. S. 651; *Ex parte Fuller*, 19 Tex. App. 241; *Ex parte Granice*, 51 Cal. 375; *.Ex parte Fisher*, 6 Nev. 309; *State* v. *Glenn*, 54 Md. 572; Church on Habeas Corpus, ch. 25.

The petitioner is remanded.

BLAKE, C. J., and HARWOOD, J., concur.