*Charles E. Marsh*, for the appellees.

WILSON v. TRUELOCK.

Whatever of the proceedings of a Court should be brought before the Appellate Court, by bills of exceptions, can not be incorporated into the record of the cause, by the mere entries of the clerk; and if they are so incorporated, they will not be available as parts of the record, on appeal. It is the business of the .clerks to enter the orders of the Court, and not to make a record of the reasons for such orders.

APPEAL from the *Scott* Circuit Court.

HANNA, J.—This was an action of replevin, commenced before a Justice of the Peace, and appealed to the Circuit Court. In the latter Court the cause was, on motion of the defendants, dismissed, "for want of jurisdiction in the Justice," and the ruling excepted to, as shown by the clerk's entry. There was no bill of exceptions; nor is the ground of objection to the ruling shown in any manner, other than as above set forth. It is assumed by the appellant, that the motion was based upon the fact that there was not a. sufficient bond filed at the proper time, and that question alone is, by him, discussed. The appellee insists, that we are not

properly informed, by the record, of the grounds upon which the motion was predicated.

It is the business of the clerk to enter the orders of the Court, and not to make a record of the reasons for such orders. *Hasselback* v. *Sinton,* 17 Ind. 545. The Court makes that record by bill of exceptions, etc. In the absence of such record, the presumption is in favor of the action of the Court.

*Per Curiam.*—The judgment is affirmed, with costs.

*Randall Crawford,* for the appellant.

*Jewett* and *Crowe,* for the appellees.