## YOUNG *v.* MARTIN.

1. The entries of a clerk of a Territorial District Court, stating in a general way the proceedings had in that court, and that they were excepted to by counsel, do not present the action of the court and the exceptions taken in such form that they can be considered by this court.

2. It is no part of the duty of the clerk to note in his entries the exceptions taken, or to note any other proceedings of counsel, except as they are preliminary to, or the basis of the orders or judgment of the court.

3. To be of any avail, exceptions must be drawn up so as to present distinctly the ruling of the court upon the points raised, and must be signed and sealed by the presiding judge. Unless so signed and sealed, they do not constitute any part of the record which can be considered by an appellate court.

4. When parties, after a demurrer interposed by them to an answer is overruled, instead of relying upon its sufficiency, file a replication, they thereby abandon the demurrer, and it ceases henceforth to be a part of the record.

ERROR to the Supreme Court of the Territory of Utah.

The case was begun in a District Court of the Territory just named, and was carried thence to the Supreme Court of the same, under the provisions of an act of the legislature of the Territory, providing for appeals to the Supreme Court, approved January 18th, 1861.* The 1st section of that act provides:

"That hereafter whenever any final order, judgment, or decree is made or rendered in the District Court of the Territory, the party aggrieved may have the same reviewed in the Supreme

---

* Revised Statutes of Utah Territory, 1866, p. 66.

Court on appeal, by obtaining from the clerk of the court, making or rendering such order, judgment, or decree, a complete transcript of the record of the case, which shall be filed with the clerk of the Supreme Court." .

The 7th section provides that:

"The hearing of the Supreme Court shall be upon the record and argument of counsel; and the District Court is hereby required to sign all bills of exceptions taken to its rulings, decisions, or charge to the jury, which shall be incorporated into and constitute part of the record of the cause."

The 8th section provides that:

"When the judgment, final order, or decree shall be reversed, either in whole or in part, the Supreme Court may render such judgment as the court below should have rendered, or remand the cause to the court below to proceed according to the decision of the Supreme Court."

Final judgment was rendered in the District Court against the plaintiffs, on the 14th of March, 1867, and a complete transcript of the proceedings in the case was filed by the plaintiffs, with the clerk of the Supreme Court of the Territory, on the 2d of August, 1867, attached to which transcript was an assignment of errors by the plaintiffs, with a prayer asking that the judgment of the District Court might be reversed, and judgment rendered in favor of the plaintiffs on the record. No bill of exceptions was taken at the trial in said District Court, but in the record the following appeared, to wit:

"August 23d.
"Plaintiffs' counsel filed demurrer to defendant's answer, which was argued by Messrs. Baskin and Hempstead, for plaintiffs, and Messrs. Marshall and Carter, for defendant. Pleadings submitted to the court and held under advisement."

"August 24th.
"Court overruled demurrer filed by plaintiffs to defendant's answer, and ruled that defendant has a lien on the goods of E. R. Young & Sons, now in possession of defendant, for freight, both by the McWhurt train and the Irwine train.

"Plaintiffs ordered to reply as though demurrer had not been filed.  C. H. Hempstead, Esq., counsel for plaintiff, excepted to the ruling of the court."

"December 7th.

"C. H. Hempstead, Esq., made a verbal motion praying for judgment and damages on the pleadings.  Motion argued by Messrs. Baskin and Hempstead for plaintiffs, and Messrs. Marshall and Carter for defendant.

"Pleadings submitted to the court and held under advisement."

"December 8th.

"Motion for judgment overruled.  Rulings excepted to by plaintiffs' counsel."

The Supreme Court of the Territory dismissed the appeal, and the plaintiff took this writ of error.

*Mr. De Wolfe, for plaintiff in error; Mr. Van Cott, contra.*

Mr. Justice FIELD delivered the opinion of the court.

There is no evidence contained in the transcript that any exceptions were taken to the action of the District Court of the Territory, except such as appears from the minutes of the clerk.  These minutes are mere memoranda, stating, in the briefest and most general manner, the proceedings had in court.  They do not purport to give the particulars of the proceedings, but only to describe their character.  They were made to preserve an account of the general order of business of the court, and to assist the clerk in the subsequent preparation of the formal record.  In this case they state that, on a day mentioned, the plaintiffs' counsel filed a demurrer, which was argued and taken under advisement; that, on the subsequent day, the demurrer was overruled, and the plaintiffs excepted.  And, also, that afterwards, on a certain day, the plaintiffs' counsel made a verbal motion for judgment and damages on the pleadings; that the motion was argued and, on the following day, overruled, and that the ruling was excepted to.

These entries do not present the action of the court and the exceptions in such form that we can take any notice of

them. It is no part of the duty of the clerk to note in his entries the exceptions taken, or to note any other proceedings of counsel, except as they are preliminary to, or the basis of, the orders or judgment of the court. To be of any avail, exceptions must not only be drawn up so as to present distinctly the ruling of the court upon the points raised, but they must be signed and sealed by the presiding judge. Unless so signed and sealed, they do not constitute any part of the record which can be considered by an appellate court.*

It is true, as stated by counsel, that the object of a bill of exceptions is to make matter of record what would not otherwise appear as such, and that no bill is necessary where the error alleged is apparent upon the record. So here, had the demurrer been in the transcript, and it had appeared that the plaintiffs had relied upon its sufficiency, and final judgment thereon had passed against them, the error of the court, if any existed, would have been open to examination, for it would have been disclosed by the proceedings. No bill of exceptions, then, could have presented more clearly the ruling of the court.† But the demurrer is not in the transcript, and it is only a matter of conjecture whether it was a special or general one; to the form or substance of the answer. Nor is any order overruling the demurrer shown; a statement of the clerk in his entries that such was the fact is all that appears. But, independent of this consideration, the ruling of the court on this point would not be noticed, for it appears that the plaintiffs, instead of relying upon the sufficiency of the alleged demurrer, filed a replication to the answer. They thus abandoned their demurrer, and it ceased to be a part of the record.‡

The exception to the ruling in denying the motion for judgment on the pleadings is not only subject to the general objection already stated, but to the further objection, that

---

* Williams *v.* Norris, 12 Wheaton, 119; Leveringe *v.* Dayton, 4 Washington's Circuit Court, 698.

† Suydam *v.* Williamson, 20 Howard, 427.

‡ Aurora City *v.* West, 7 Wallace, 92; Clearwater *v.* Meredith, 1 Id. 42; Brown *v.* Saratoga Railroad Co., 18 New York, 495.

the grounds upon which the motion was made or denied are not given. The motion was not made at the trial, and, as counsel suggests, it may have been denied on a point of practice, without respect to the merits.

JUDGMENT AFFIRMED.