## BUTTERFIELD'S OVERLAND DISPATCH CO. *v.* HUGO WEDELES AND VICENTE ROMERO.

DEMURRER DEEMED ABANDONED, WHEN.—Where, after a demurrer to the petition or declaration is overruled, the defendant pleads the general issue, he is thereby deemed to abandon the demurrer, and it ceases to be a part of the record, and can not be considered on appeal.

CAPACITY OF CORPORATION TO SUE, HOW TO BE TESTED.—In an action by a corporation on a note where the general issue is pleaded, the plaintiff is not required to prove its rights to sue as a corporation, before introducing the notes in evidence, and the defendant can only test the plaintiff's capacity to sue by a plea in abatement.

APPEAL from the district court. The case appears from the opinion.

*Wheaton and Clever*, for the defendants and appellants.

*Elkins and Wheelock*, for the plaintiffs and appellees. The first error assigned is that the court overruled the defendants' demurrer to the plaintiffs' declaration. As the defendants afterwards filed a plea of general issue, their demurrer ought not to be considered by this court: *Young* v. *Martin*, 8 Wall. 354; 9 Id. 762; *Aurora City* v. *West*, 7 Id. 92; 4 Id. 598; *Clearwater* v. *Meredith*, 1 Id. 42; 11 Pet. 80; 5 How. 29. If, however, this court considers the demurrer upon its merits, it can not be sustained. The questions raised by it, were: 1. Can a foreign corporation sue in the courts of New Mexico? This question ought to be raised by a plea in abatement (see 7 Id. 573), but the supreme court of the United States has decided positively that a corporation created by the laws of one state can sue in the courts of another, unless expressly prohibited by the laws or constitution of the United States: *Bank of Augusta* v. *Earle*, 13 Pet. 519; *Tombigbee Railroad* v. *Kneeland*, 4 How. 16. The second cause of demurrer argued below, was that the notes declared on were payable to "George E. Cook, treasurer," and not to the plaintiff in this action. The averment in the petition is sufficient to identify "George E. Cook, treasurer," with the plaintiff in this suit, and the question raised is distinctly

decided in *Baldwin* v. *Bank of Newbury*, 1 Wall. 234. The second error assigned, is that the "court below permitted the notes to go to the jury without proof of the corporate existence of plaintiff." The existence of a corporation plaintiff can only be called in question by a plea in abatement, and a plea to the merits admits the ability of the plaintiff to sue. This has been so frequently decided by the United States supreme court that it is no longer an open question: *Society for Propagation etc.* v. *Pawlet*, 4 Pet. 480; *Conard* v. *Atlantic Ins. Co.*, 1 Id. 386; *Railroad Company* v. *Quigley*, 21 How. 202; *Yeaton* v. *Lynn*, 5 Pet. 232; 1 Chit. 449, note 2; Bouv. Law Dict., Abatement, sec. 10. [The remaining errors not being considered by the court, it is not necessary to report the argument made on them.—REP.]

By Court, WATERS, J.:

The petition in this case sets forth that the plaintiffs, Butterfield's overland dispatch company, is a body politic duly organized and incorporated under the laws of the state of New York; and that the defendants, both residents of the territory of New Mexico, executed, delivered, and promised to pay to the plaintiffs, under the name of George E. Cook, treasurer, meaning George E. Cook, treasurer of said company, their two certain promissory notes, in the words and figures following:

"MORA, N. M., September 2, 1867.

"$4,000. Twelve months after date I promise to pay to the order of George E. Cook, treasurer, four thousand dollars, value received. HUGO WEDELES,
VICENTE ROMERO."

"MORA, N. M., September 2, 1867.

"$4,000. Eighteen months after date I promise to pay to the order of George E. Cook, treasurer, four thousand dollars, value received. HUGO WEDELES,
VICENTE ROMERO."

All the other allegations in the petition are in the usual form. Plaintiff then asks judgment for the amount of said notes.

To the petition defendants filed a general demurrer, which was by the court below overruled. Defendants then filed their plea of general issue, the cause was tried by a jury, verdict given for plaintiffs, and judgment entered accordingly. Motions for new trial and in arrest of judgment were also filed and overruled. Whereupon defendants appealed to this court.

The defendants in their bill of errors assign eight causes why the judgment of the court below should be reversed; all but the first and second, however, were abandoned by them in the argument of the cause, and consequently will not be considered.

The first cause of error assigned is that the court below erred in overruling the demurrer to plaintiff's petition. The counsel for the plaintiff take the ground that as the court below overruled defendants' demurrer to the petition, and defendants afterwards filed their plea in general issue, this demurrer ought not to be considered by this court, and in support of their position cite a number of authorities.

If the position taken by counsel for plaintiff is correct, the points raised by the demurrer in the court below can not be considered and reviewed by this court. This being, as we believe, the first time that this question has been presented to this court for consideration, it becomes necessary that we give it a careful and considerate examination.

The counsel for the defendants have cited no authorities upon the subject, and we are left with what little time we have for the consideration of other matters before us, to solve this question of practice without their aid. Our code of civil procedure and practice is silent on this subject, and we are therefore left to an examination of the question as construed by the supreme court of the United States, the only court which has power to review the action of this court.

The practice in some of the western states appears to be that exceptions taken at the time to the overruling of a demurrer saves the points raised by the demurrer, and may be reviewed by the supreme court. This practice, we apprehend, is based on some statutory provision, for without it

such a practice is in direct violation of the system of common law pleading, a "system matured by the wisdom of ages, and founded on principles of truth and reason." The common law rule is, that after judgment has been passed upon a demurrer, it has served its purpose and ceases to become a part of the record for any further purpose whatever in the case.

The supreme court of the United States appear to have taken this view of the office of a demurrer, and have adhered to the principles of common law pleading by repeated decisions, to the effect that when a demurrer has been disposed of, and the party, instead of relying upon the sufficiency of the demurrer, pleads over, he thereby abandons his demurrer, and it ceases to be a part of the record, and can not be considered in a review of the case: *Young* v. *Martin*, 8 Wall. 357; *Watkins* v. *United States*, 9 Id. 762; *Aurora City* v. *West*, 7 Id. 92; *United States* v. *Boyd*, 5 How. 29; *Clearwater* v. *Meredith*, 1 Wall. 42.

This authority we are not only bound to respect, but to sustain; and our opinion is, that when the defendants in the case before us failed to rely upon the sufficiency of the alleged demurrer and filed their plea of general issue, they thereby abandoned their demurrer, and the question raised by it in the court below can not be considered here. In the language of the supreme court of the United States, "it ceased to be a part of the record." This language is plain, explicit, and pointed, and needs no explanation at our hands.

The second cause of error assigned by the defendants is that "the court below erred in allowing the notes sued on to go to the jury without proof of the plaintiffs' right to sue in a corporate capacity." On this point counsel for defendants presented a number of state authorities, that, were we bound by no provisions or decisions of the supreme court of the United States, we would feel inclined to respect. Section 29 of the Revised Statutes of New Mexico, p. 198, disposes of this question. This section provides that the right of a plaintiff to sue is to be tested by a plea in abate-

ment, which is in perfect harmony with the decisions of the supreme court on this subject.

In the case before us, no plea in abatement appears to have been filed, denying the capacity of the plaintiffs to sue. Defendants filed their plea of general issue, which admits the competency of the plaintiffs to sue in the capacity in which they have sued: *Society etc.* v. *The Town of Pawlet,* 4 Pet. 501; *Conard* v. *Atlantic Ins. Co.*, 1 Id. 386, 387.

This disposes of the two causes of error assigned in this case. There being no error in the record, the judgment of the court below will be affirmed.

Chief Justice Palen concurs in the views herein expressed with regard to the practice on the demurrer. Having sat in the trial of the cause below, he takes no further part in the consideration of the same.

Associate Justice Johnson concurs in the affirmance of the judgment, but dissents from the opinion of the court on the first cause of error.