ORAMA ET AL, RESPONDENTS, *v.* OYANGUREN, APPELLANT. ·

APPEAL from the District Court of San Juan, Section 1.

MOTION to correct the record.

No. 937.—Decided March 26, 1913.

APPEAL—TRANSCRIPT OF RECORD.—The fact that the secretary of a court certifies to and inserts a document in the transcript of the record does not imply that the document should be considered a part of the record.

ID.—EVIDENCE—BILL OF EXCEPTIONS.—An appellate court has no means of knowing what documentary or oral evidence has been presented in the court below unless said evidence is incorporated in a bill of exceptions signed by the trial judge and made a part of the record.

ID.—ADDITIONS TO RECORD—BILL OF EXCEPTIONS.—The proceedings which according to law must be incorporated in a bill of exceptions cannot be added to the record by a secretary without being so incorporated, and if he does so add them they have no legal effect.

ID.—EVIDENCE—TRANSCRIPT OF RECORD—BILL OF EXCEPTIONS—DUTY OF TRIAL JUDGE.—The trial judge is the official whose duty it is to certify to the evidence for the purposes of an appeal or for the transcript of the record, and by force of law he is the custodian of the evidence, it being his duty to see that the bill of exceptions is in accord with the facts.

ID.—MINUTES OF JUDGE OR CLERK—STENOGRAPHER'S NOTES—BILL OF EXCEPTIONS.—Neither the minutes of the judge or of the clerk nor the notes of the stenographer can take the place of a bill of exceptions.

ID.—RETURN OF TRANSCRIPT TO TRIAL COURT.—In some cases an appellate court will send the transcript of the record back to be reformed by the court below.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for petitioners.

*Mr. Antonio Sarmiento* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The respondents appear here and present a motion to correct the record. The motion is unverified but sets up that at the trial in the court below certified copies of the birth records of the respondents were presented. That in such records the respondents, Ana Luisa and Ana Teresa Orama, appear as Ana Luisa Mérida and Ana Teresa Mérida, natural daughters of Fabiana Orama. The respondents allege that in the record offered by the appellant the following is made to appear: "Proof of the complainants. Offered as proof certified copies of the birth records of Ana Luisa Mérida and of Ana Teresa Mérida objection is made to their admission because these are not the names and surnames of the complainants, and the court admitted them (i. e. the copies) subject to the complainants proving that they are the same persons. The defendant excepted"; that in his brief the appellant said that to prove the date of their birth the respondents presented two certificates which showed names different from their own and that the court erroneously admitted such certificates. The motion goes on to say that the respondents fear that this court may be deceived inasmuch as (and here the motion is ambiguous) the original records and the oral proof showed the certificates related to the complainants and respondents. Therefore the respondents requested this court to add the original certificates to the record, copies of which were attached to the motion and certified by the secretary of the district court. The certificates sought to be added to the record now in this court show that not only the name Mérida but the name Orama was used in connection with the respondents.

What is the nature of these writings which we are now asked to incorporate into the record of the cause before us? According to the certificate of the secretary of the district court they are faithful copies of originals presented as *proof*

by the complainants in suit numbered 5453 against Margarita Oyanguren to be found on pages 21 and 22 of that suit. The secretary does not say that they were attached to any pleading as exhibits or in any other way made a part of the judgment roll, and indeed we know from the admissions of the motion as well as from the record that the said writings only purport to be some of the proof admitted in evidence by the court during the progress of the trial on issues joined between the respondents and appellant. The said writings as a whole were never copied into or made part of a bill of exceptions or a statement of the case. In the record itself there is a statement of the case and bill of exceptions signed by the trial judge who certifies that therein are contained all the necessary and pertinent documents and that such statement of the case and bill of exceptions are full, true and correct. There is no charge that the appellant has omitted anything from the record on appeal and the respondents are not relying on or suggesting any error or defect in such record as covered by rules 55 and 56 of this court. The respondents are asking us to add to our record, on the certificate of the secretary alone, some isolated proof that was supposedly submitted to the judge to enable him to determine the truth of the issues joined.

It may be true that these papers are found in the file of the cause below. Even when papers are found in the transcript on appeal the Supreme Court of the United States has held that the fact that they are so found and so certified by the clerk does not make them any part of the record on appeal. *England* v. *Gebhardt,* 112 U. S., 502; *Young* v. *Martin,* 8 Wall., 354; *Sire* v. *Ellithorpe Air Brake Company,* 137 U. S., 579; *Sargeant et al.* v. *The State Bank of Indiana,* 12 How., 384.

In *England* v. *Gebhardt supra,* the court says, among other pertinent things: "The mere fact that a paper is found among the files in a cause does not of itself make it a part of the record. If not a part of the pleadings or process in

the cause, it must be put into the record by some action of
the court. *Sargeant* v. *State Bank of Indiana,* 12 How., 371,
384; *Fisher* v. *Cockerell,* 5 Pet., 248, 254. This may be done
by a bill of exceptions or something which is equivalent."·
And in *Sargeant et al.* v. *The State Bank of Indiana supra,*
the court says: "With respect to the propriety and regu-
larity of this application to the circuit court, we would remark
in the first place that the mere fact of a paper being found
amongst the files of a cause does not of itself constitute it
a part of the record of the cause. In order to render it a
part of the record, it should form some part of the pleadings
in the cause, or be brought under and ingrafted upon the ac-
tion of the court by some motion from the parties. Without
this, such a paper can no more be a portion of the record than
would the knowledge of facts on the part of a witness, who
had been summoned and not examined, or the oral testimony
given to a jury, and not noted by exception or otherwise."

By virtue of the Code of Civil Procedure this court, where
the court below refuses, may make or settle a bill of exceptions
or statement of a case. But even in such case the bill so
signed by us or one of our members must be sent to the
district court to become a record there. With this exception,
if it is an exception, this court cannot make the record on
appeal. *People* v. *Brenes,* 9 P. R. R., 503; *People* v. *Acosta,*
11 P. R. R., 243. To the same effect are *Continental Insurance
Company* v. *Rhoads,* 119 U. S., 237; *Goodenough Horseshoe
Manufacturing Company* v. *Rhode Island Horseshoe Com-
pany,* 154 U. S., 636; *City of Santa Bárbara* v. *Eldred,* 95
Cal., 378; *Hyde* v. *Boyle,* 86 Cal., 352; *In re Gates,* 90 Cal.,
257. In *Hardesty* v. *Hosmer,* 4 App. D. C., 280, Mr. Chief
Justice Alvey said: "In this case there has been a motion
made by the appellant, Ophelia A. Hardesty, for leave to
file a copy of the bill and of the exhibits, the originals of
which, it is alleged, were filed in the court below, but which
originals, as charged in the motion, have been lost and there-
fore could not be copied in the transcript sent up to this

court. But to allow the alleged copies of the original papers to be brought in and filed in this court, in the manner proposed, would make what would purport to be the transcript of the record in the court below, quite a different record here from that actually existing in the court below, and the record here would not be a transcript verified by the certificate of the clerk and the seal of that court." See also Freeman on Judgments, section 79, cited with approval in *United States* v. *Taylor,* 147 U. S. 699, 3 Cyc., 141, 180.

An appellate court can take no notice of the proof offered below until it is incorporated into a bill of exceptions and signed by the judge and made a part of the record below. The cases to support this rule are innumerable. Some of the most pertinent of this court are *Ramírez* v. *Surillo,* 10 P. R. R., 311; *Huertas* v. *Elzaburu,* 10 P. R. R., 407; *Barnes et al.* v. *The People,* 12 P. R. R., 80; *Julbe* v. *Guzmán et al.,* 15 P. R. R., 562; *Calaf et al.* v. *Calaf,* 16 P. R. R., 795; *Rossy* v. *Mollfulleda et al.,* 15 P. R. R., 821. In *Ramírez* v. *Surillo, supra,* cited in *Huertas* v. *Elzaburu, supra,* it was said that it made no difference whether the evidence produced before the trial court was documentary or oral, it was just as necessary to embody it in a bill of exceptions. On the general principle as apt for this 'case are *Young* v. *Martin,* 8 Wall., 354; *Metropolitan Railroad Company* v. *District of Columbia,* 195 U. S., 330, 332; *Sire* v. *Ellithorpe Air Brake Company,* 137 U. S., 83; *City of Santa Bárbara* v. *Eldred,* 95 Cal., 378; *Hyde* v. *Boyle,* 86 Cal., 352; *In re Gates,* 90 Cal., 257. In *Campbell* v. *Hayes,* 77 Cal., 36, it was said: "Where written findings are necessary, and do not appear in the record, they will be deemed to have been waived; and if they were not, the error must be shown by a bill of exceptions, statement, or other appropriate method whereby the record presents the question. *Mulcahy* v. *Glazier,* 51 Cal., 626; *Reynolds* v. *Brumagim,* 54 Cal., 254; *Glenn* v. *Arnold,* 56 Cal., 631. The certificate of the clerk that written findings were not waived forms no part of the record which we can

notice. It forms no part of the judgment roll, and has no more verity than would the testimony of witnesses given at the trial, certified in like manner. Except as to matters made a part of the record by statute, the verification of the judge is essential to give validity to the proceedings. The office of a bill of exceptions or statement is to make a record of that without which it would not constitute a record." Whatever of the proceedings of a court should be brought before the appellate court by bills of exception, etc., cannot be incorporated into the record of the cause by mere entries of the clerk; and if so incorporated they will not be available as parts of the record on appeal. *Wright* v. *State,* 20 Ind., 23; *Wilson* v. *Truelock,* 19 Ind., 389, 7 Cyc., 222. And in *Hanna* v. *Maas,* 122 U. S., 26, it was stated:

"Minutes of the judge or clerk, or notes of a stenographer, cannot take the place of a bill of exceptions, but are only memoranda by the aid of which one may afterwards be drawn up. *Pomeroy* v. *Bank of Indiana,* 1 Wall., 592; *Thompson* v. *Riggs,* 5 Wall., 663; *Young* v. *Martin,* 8 Wall., 354; *Insurance Company* v. *Lanier,* 95 U. S., 171. The exceptions must be drawn up and settled in proper form in the court below, and cannot be amended or redrafted in this court. *Stimpson* v. *West Chester Railway Company,* 3 How., 553."

By section 55 of the Law of Evidence, a judicial record is the record or official entry of the proceeding in a court of justice, or of the official act of a judicial officer in an action or special proceeding. And by section 56 a judicial record of Porto Rico or of the United States may be proved by the production of the original or by a copy thereof certified by the clerk or other person having the legal custody thereof. Even supposing that a document admitted into evidence become a judicial record it is the judge who must give it verity. He is, in contemplation of law, the legal custodian of the proof and he can only give it verity by virtue of a bill of exceptions or similar reduction to form. But a bit of proof even if documentary is still only a bit of proof and the secretary can

no more make it a part of the record of the court below than he could the oral testimony of witnesses.

In the present motion it is sought to add to the record a part of the proof without submitting it in any form to the court below. If this practice could be followed the facts of the trial might readily be perverted. If when the bill of exceptions was about to be signed the appellees had offered the whole document the court might also have insisted on other proof being embodied. Here, however, the court has certified that the whole necessary and pertinent proof has been included. The bill of exceptions signed by the judge imports verity. *State* v. *O'Brien,* 18 Mont., 12 and 13, citing 9 Mont., 381, where it was also said that it was the duty of the judge, not simply to sign what is presented to him as a bill of exceptions, but to examine it and make it conformable to the facts both in form and in fact.

In certain cases the appellate court will send a transcript back to be reformed by the court below. 3 Cyc., 146. Not only has no such application been made but it would require an extraordinary case where we should suffer it to be done after the brief of the appellant has been filed and especially would we not do it in a case where the respondents had ample opportunity to copy the whole document and made no such suggestion, and now offer absolutely no explanation of their failure. This was a special exception noted by appellant and it was the duty of the respondents then and there to make the correction. Besides it is difficult to see, if the documents were admitted subject to the respondents being identified by the oral proof and such proof was forthcoming, how they could be injured either by the statement in the bill of exceptions or the comments of counsel. If anything is lacking in the bill it is apt to militate in favor rather than against respondents. The motion must be denied.

*Motion overruled.*

Mr. Chief Justice Hernández and Mr. Justice Aldrey concurred.

Mr. Justice del Toro handed down a concurrent opinion in which Mr. Justice MacLeary concurred.

CONCURRENT OPINION OF MR. JUSTICE DEL TORO IN WHICH MR. JUSTICE MACLEARY CONCURRED.

In the statement of the case and bill of exceptions prepared by the defendant and appellant and certified to by the trial judge there appears the following:

"EVIDENCE OF PLAINTIFFS.

"Certified copies of the record of the birth of Ana Luisa Mérida and of Ana Teresa Mérida having been offered as evidence, the defendant objected to the admission thereof on the ground that those are not the given and surnames of the plaintiffs and the court admitted said evidence on the condition that the plaintiffs prove that they are the same persons. The defendant noted an exception."

Further on in the same statement of the case the following testimony of Leocadio Martínez appears:

"Those girls are called Ana Luisa Orama but in order to distinguish one from the other, as they were born twins, they were given the names of Ana Luisa and Ana Teresa Orama. They are the same who appéar in the baptismal certificate as Ana Teresa Mérida and Ana Luisa Mérida and this is due to the fact that it is another name given them by their mother. Of this the witness is certain."

The trial judge made, among others, the following finding of fact:

"That the plaintiffs are twin sisters and were born in San Juan on July 26, 1903."

The brief filed by the defendant and appellant sets up, among other things, the following:

"*Fourth.* The certificate of birth of Ana Luisa Mérida and Ana Teresa Mérida were improperly admitted.

"The plaintiffs whose filiation is controverted in this case are called, according to the complaint, Ana Luisa and Ana Teresa Orama, and to prove the date of their birth the plaintiffs submitted two certificates of the births of Ana Luisa Mérida and Ana Teresa Mérida.

"As there was no relation between the given and surnames of the plaintiffs and those of the persons to whom the certificates refer, the defendant objected to the admission of said documents. The court however admitted them on condition that the plaintiffs prove that they are the same persons."

Matters standing thus, before a day was set for the hearing on appeal the respondents appeared in this court and filed a motion to correct the record, wherein after referring to the facts as we have stated them the following is stated with respect to the allegations of the appellant:

"That such statements of the appellant may lead this honorable court into error by causing it to believe that, as erroneously stated in the complaint, the evidence offered by the plaintiffs and admitted by the trial court referred to persons of different given and surnames from the given and surnames of those who claim filiation in this action, when, as a matter of fact and in accordance with the original records in this case, the evidence refers to the same parties plaintiff who appear in the birth records, as hereinbefore stated, as bearing the name of Mérida added to those of Ana Luisa and Ana Teresa, both natural daughters of Fabiana Orama, which fact gave rise to the opposition of the defendant and to the court's having admitted the evidence only on condition that it be proved that they are the same persons, and this was fully established by the testimony of witnesses."

The respondents submitted with the motion copies of said birth records certified as follows:

"I, Celestino Marrero, secretary of the District Court for the Judicial District of San Juan, P. R.,

"Certify: That the foregoing are true and exact copies of their originals which were introduced as evidence by the plaintiffs in case No. 5433 against Margarita Oyanguren and which appear on folios 21 and 22 of said case.

"And on request of Attorney Eugenio Benítez Castaño I issue these presents in the city of San Juan, P. R., on the 25th day of

January of the year one thousand nine hundred and thirteen. C. Marrero, Secretary of the District Court for the Judicial District of San Juan."

.The party appellant objected and the case was submitted to this court for decision.

A majority of the justices of this court are of the opinion that the motion should be overruled for the reasons stated in the opinion delivered by Mr. Justice Wolf. We have arrived at the same conclusion, but on the grounds set forth below.

We are of the opinion that the language used by the appellant cannot lead this court into error and therefore we do not consider necessary the correction of the record as proposed by the respondents.

The first thing to be considered and decided with respect to the aforesaid certificates of birth is whether or not the trial court should have admitted them as evidence. If we decide that it should have admitted them; if we hold that sufficient evidence appears in the record to show that said certificates refer to the plaintiffs in this suit, then we must conclude that the plaintiffs submitted as evidence their birth records as entered in the civil registry and that such records contain all the requisites that the law orders to be shown therein and that the date of birth stated in the finding of fact by the trial judge is the correct date and was taken, if no other evidence appears in the record, from said records not objected to on this point.

From the foregoing it is clearly deduced that such rights as the respondents may have are in no manner prejudiced by the failure to include a full copy of the aforesaid records in this statement of the case.

If we arrive at the conclusion that the rights of the respondents might be prejudiced we should not hesitate to order the correction of the record.

We have carefully studied the jurisprudence invoked in the opinion of the majority of the justices of this court and fully agree therewith, but in our judgment said jurisprudence

in no way prevents an order directing the correction of the record in this case if the circumstances thereof so required.

It is well understood that the only legal form of submitting the evidence taken in the trial court to the consideration of this court of appeals is by including the same in a statement of the case or in a bill of exceptions duly prepared and certified by the trial judge and that a simple certificate of the secretary to the effect that a document was introduced as evidence in a case does not make the same a part of the record thereof. See *Manuel* v. *Scott et al.,* 29 Mont., 37, cited in *The People* v. *Guzmán,* 15 P. R. R., 276, and in *The People* v. *Meléndez, ante* p. 79.

But in the case at bar the question is different. The birth records were mentioned in the statement of the case in the manner above transcribed and we cannot ignore in deciding the appeal the fact that said records were introduced as evidence, that the oral evidence also referred to said records and that said records, weighed together with the evidence, served as a basis for the finding of fact upon which the trial judge based his conclusions of law.

In accordance with rule 40*a* of the Supreme Court, documents should not be copied in full in a statement of facts, statement of the case and bill of exceptions, but a concise statement thereof should be made, giving the substance of the same unless the nature of the questions raised and decided makes it necessary to insert them in full.

If the appellant in this case had omitted intentionally and in bad faith the copy of the essential parts of the birth records and it were shown that he might benefit by such omission, would the fact that neither the respondent on examining the statement nor the judge in certifying it noticed the omission be sufficient to prevent absolutely the establishment of the truth by permitting the introduction of duly authenticated copies of the documents which, according to the statement of the case, were introduced and admitted as evidence?

We think not.

It may be said that the certificate issued by the secretary should have been countersigned at least by the trial judge. We are of the opinion that considering what was stated in the statement of the case certified by the trial judge together with the statements contained in the certificate of the secretary the documents are properly authenticated, but if the attendant circumstances should oblige us to order the correction of the transcript, then, for greater security and bearing in mind the exact nature of a statement of the case, we would now order that the copies of the records, together with that of the statement of the case, be forwarded to the trial judge in order that he might duly certify as to whether the records were the same as those referred to in the statement.

The decision of cases of this nature should, of course, be based on the provisions of the law, but the law should be applied according to the special circumstances of each case and always construed with a view to the high ends of justice.

For the foregoing reasons the respondents' motion to correct the record should be overruled.