ORAMA ET AL., APELADAS, *v.* OYANGUREN, APELANTE.

## APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

MOCIÓN SOBRE CORRECCIÓN DE AUTOS.

No. 937.—Resuelto en marzo 26, 1913.

TRANSCRIPCIÓN DE AUTOS—DOCUMENTOS INSERTADOS EN LOS AUTOS.—La inserción y certificación por el secretario de una corte de un documento en una transcripción de autos, no implica que dicho documento deba considerarse como parte de los autos.

ID.—PRUEBAS—PLIEGO DE EXCEPCIONES.—Una corte de apelación no puede apreciar qué prueba documental u oral ha sido presentada en el tribunal inferior hasta que se incorpore en un pliego de excepciones firmado por el juez sentenciador y se agregue a los autos.

ID.—INSERCIONES HECHAS POR EL SECRETARIO.—Aquellas actuaciones que según la ley deben ser incorporadas en un pliego de excepciones no pueden ser agregadas a los autos por un secretario sin dicho requisito, y si lo hace carecen de efecto legal alguno.

ID.—PRUEBAS—PLIEGO DE EXCEPCIONES—DEBER DEL JUEZ SENTENCIADOR.—El juez es el funcionario que debe dar autenticidad a la prueba para los efectos de una apelación o de una transcripción de autos, y bajo su vigilancia está la prueba por ministerio de la ley, siendo su deber el procurar que el pliego de excepciones esté de acuerdo con los hechos.

ID.—MINUTAS HECHAS POR LOS JUECES Y SECRETARIOS—NOTAS DEL TAQUÍGRAFO.—Ni las minutas hechas por los jueces y el secretario, ni las notas de un taquígrafo, pueden surtir los efectos de un pliego de excepciones.

ID.—DEVOLUCIÓN AL TRIBUNAL INFERIOR.—En algunos casos un tribunal de apelación puede devolver al tribunal inferior la transcripción de autos para ser reformada.

Los hechos están expresados en la opinión.

Abogado de los promoventes: *Sr. Eugenio Benítez Castaño.*

Abogado de la parte contraria: *Sr. Antonio Sarmiento.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Las apeladas han comparecido ante este tribunal y presentado una moción sobre corrección de autos. Dicha moción no está jurada, pero se alega en la misma que durante el juicio en la corte inferior se presentaron copias certificadas de las actas de inscripción de nacimiento de las apeladas. Que en dichas inscripciones las apeladas Ana Luisa y Ana Teresa Orama aparecen con los nombres de Ana Luisa Mérida y Ana Teresa Mérida, hijas naturales de Fabiana Orama. Alegan las apeladas que en los autos que han sido elevados a este tribunal por la apelada se expresa lo siguiente: "Prueba de las demandantes. Ofrecidas como prueba copias certificadas de las actas de nacimiento de Ana Luisa Mérida y de Ana Teresa Mérida, fué objetada su admisión por la parte demandada, porque esos no son los nombres y apellidos de las demandantes y la corte las admitió a reserva de que pruebe el demandante que son las mismas personas. La parte demandada tomó excepción"; que el apelante en su alegato expresó que las demandadas con el fin de probar la fecha de su nacimiento presentaron dos certificaciones en las que los nombres resultan ser distintos de sus verdaderos nombres y que la corte erróneamente admitió las referidas certificaciones. Continúa la moción alegando que las apeladas temen que este tribunal pueda ser inducido a error, puesto que (y en cuanto a este punto es ambigua dicha moción) los autos originales y la prueba testifical demostraron que las certificaciones se referían a las demandantes y apeladas. Por lo que las apeladas solicitaron de este tribunal que se agregaran a los autos las certificaciones originales, copias de las cuales se acompañaron a la moción y fueron certificadas por el Secretario de la Corte de Distrito. Las certificaciones que se tratan de agregar a los autos que ahora se encuentran ante esta Corte, demuestran, que no solamente el nombre de Mérida, sino también el nombre de Orama fué usado en relación con las apeladas.

¿Cuál es la índole o naturaleza de estas actas de inscripción que ahora se nos pide que agreguemos a los autos del caso que está sometido a nuestra consideración? Según la

certificación del secretario de la corte de distrito, son ellas copias fieles y exactas de sus originales, presentados como *prueba* por las demandantes en el pleito número 5453, seguido contra Margarita Oyanguren, existentes a los folios 21 y 22 del expresado pleito. Pero no dice dicho secretario que fueran agregadas a ninguna alegación en forma de *exhibit* o que de algún otro modo hubieran formado parte del legajo de la sentencia, y en verdad que creemos, teniendo en cuenta las admisiones contenidas en la moción así como también de lo que resulta de los autos, que las expresadas actas de inscripción constituyen solamente parte de la prueba admitida durante el juicio por la corte con respecto a las cuestiones controvertidas por las apeladas y apelante. Las mencionadas actas de inscripción no se copiaron enteramente o se les hizo formar parte de un pliego de excepciones o de una exposición del caso. Los mismos autos contienen una exposición del caso y pliego de excepciones firmados por el juez de la corte inferior, quien certifica que en él están contenidos todos los documentos pertinentes y necesarios y que la indicada exposición del caso y pliego de excepciones son exactos, verdaderos y correctos. No existe alegación alguna de que la apelante haya omitido algo de lo contenido en los autos en apelación y las apeladas no se fundan ni hacen referencia a ningún error o defecto en los referidos autos, de acuerdo con las reglas 55 y 56 de esta corte. Las apeladas solicitan de esta corte que agreguemos a los autos de este tribunal, fundadas solamente en la certificación del secretario, cierta prueba aislada o independiente que se supone fué sometida al juez con el fin de que pudiera resolver acerca de la verdad de las cuestiones controvertidas.

Puede ser cierto que estos documentos se encuentren en el expediente (*file*) de la causa en la corte inferior. Pero aun cuando aparezcan documentos en la transcripción de los autos en apelación, el Tribunal Supremo de los Estados Unidos ha resuelto que por el hecho de que dichos documentos aparezcan de tal modo y hayan sido además certificados por el secretario,

no forman parte de los autos en apelación. *England* v. *Geb-hardt*, 112 U. S., 502; *John* v. *Martin*, 8 Wall., 354; *Sire* v. *Ellithorpe Air Brake Co.*, 137 U. S., 579; *Sargent et al.*, v. *The State Bank of Indiana*, 12 How. 384.

En el caso de *England* v. *Gebhardt* citado anteriormente, la corte entre otras cosas pertinentes, dice lo siguiente:

"El mero hecho de encontrarse un documento en el expediente (*files*) de una causa no hace que por ello dicho documento forme parte de los autos. Si no ha formado parte de las alegaciones o procedimientos habidos en la causa, deberá incluirse en los autos mediante alguna orden de la corte. *Sargent* v. *State Bank of Indiana,* 12 How., 371, 384; *Fisher* v. *Cockrel,* 5 Pet., 248, 254. Esto puede hacerse por medio de un pliego de excepciones o algo que sea equivalente a ello."

En el caso de *Sargent et al.* v. *The State Bank of Indiana,* arriba citado, la corte se expresa en los términos siguientes: "Con respecto a la procedencia y regularidad de esta solicitud que ha sido presentada a la corte de circuito, debemos llamar la atención en primer lugar de que por el mero hecho de que un documento aparezca en el expediente (*files*) de una causa, no habrá de considerarse que el mismo constituye parte de los autos de dicha causa. Para que pueda considerársele como parte de los autos, deberá estar comprendido en las alegaciones de la causa, o incluirse y remitirse en los autos por virtud de alguna orden de la corte dictada a solicitud de las partes. Sin este requisito no habría más razón para considerar que dicho documento continuaba formando parte de los autos que la que existiría con respecto al conocimiento de los hechos por parte de un testigo que hubiera sido citado, pero no interrogado o las declaraciones orales prestadas ante un jurado, que no hubieran sido anotadas mediante excepciones o de otro modo."

Por virtud del Código de Enjuiciamiento Civil, esta corte tiene facultades para redactar o aprobar un pliego de excepciones o exposición del caso cuando la corte inferior se niega a ello. Pero aun en dicho caso el pliego así firmado por

todos o uno de los miembros de este tribunal, deberá remitirse a la corte de distrito para que allí se incluya en los autos. Con esta excepción, si es que lo es, esta corte no puede preparar los autos en apelación. *El Pueblo* v. *Brenes,* 9 D. P. R., 559; *El Pueblo* v. *Acosta,* 11 D. P. R., 249. En igual sentido se pronuncian los casos de *Continental Insurance Company* v. *Rhoads,* 119 U. S., 237; *Goodenough Horseshoe Manufacturing Company* v. *Rhode Island Horseshoe Company,* 154 U. S., 636; *City of Santa Bárbara* v. *Eldred,* 95 Cal., 378; *Hyde* v. *Boyle,* 86 Cal., 352; *In re Gates,* 90 Cal., 257. En el caso de *Hardesty* v. *Hosmer,* 4 App. D. C., 280, el Juez Presidente Sr. Alvey dice lo siguiente:

"En este caso se presentó una moción por la apelante Ofelia A. Hardesty solicitando permiso para presentar una copia del pliego y dos *exhibits,* cuyos originales se alegó habían sido presentados a la corte inferior, los que, según se expresó en la referida moción, habían sido extraviados, no pudiendo, por consiguiente, ser unidos a la transcripción remitida a esta corte. Pero el permitir que las indicadas copias de los documentos originales fueran traídas y presentadas a este tribunal en la forma solicitada, equivaldría a hacer que lo que debe constituir la transcripción de los autos en la corte inferior resultaran unos autos diferentes en esta corte de aquellos que realmente existen en la corte inferior, y dichos autos ante este tribunal no serían una transcripción autenticada por la certificación del secretario y sello de la corte." Véase también a Freeman ón Judgments, artículo 79, citado con aprobación en el caso de *United States* v. *Taylor,* 147 U. S., 699, y 3 Cyc., 141, 180.

La corte de apelación no puede considerar la prueba presentada en la corte inferior, a menos que la misma no se incluya en un pliego de excepciones firmado por el juez y que haya sido hecho parte de los autos en dicha corte inferior. Los casos que sostienen este principio son innumerables. Algunos de los más pertinentes acerca de este particular y fallados por esta corte son los de *Ramírez* v. *Surillo,* 10 D. P. R.,

327; *Huertas* v. *Elzaburu,* 10 D. P. R., 427; *Barnés et al.* v. *El Pueblo,* 12 D. P. R., 78; *Julbe* v. *Guzmán et al.,* 15 D. P. R., 559; *Calaf et al.* v. *Calaf,* 16 D. P. R., 835; *Rossy* v. *Molfulleda et al.,* 15 D. P. R., 866. En el caso de *Ramírez* v. *Surillo,* citado anteriormente y al cual se hace referencia en el de *Huertas* v. *Elzaburu* arriba citado, se dijo que no establecía diferencia alguna el hecho de que la prueba presentada ante la corte inferior fuera documental o testifical, pues tan necesario era en uno o en otro caso incluirla en un pliego de excepciones. Los casos que pueden citarse como aplicables a este caso en cuanto al principio general, son los de *John* v. *Martin,* 8 Wall., 354; *Metropolitan R. R. Co.,* v. *District of Columbia,* 195 U. S., 330, 332; *Sire* v. *Ellithorpe Air Brake Co.,* 137 U. S., 583; *City of Santa Bárbara* v. *Eldred,* 95 Cal., 378; *Hyde* v. *Boyle,* 86 Cal., 352; *In re Gates,* 90 Cal., 257. En el caso de *Campbell* v. *Hayes,* 77 Cal., 36 se dijo: "Cuando hay necesidad de conclusiones por escrito, las cuales no aparecen en los autos, se considerará que se ha renunciado a ellas, y si así no fué el error, debe demostrarse por medio de un pliego de excepciones, exposición del caso o por cualquier otro método adecuado por virtud del cual se presente la cuestión en los autos. *Mulcaby* v. *Glasier,* 51 Cal., 626; *Reynolds* v. *Brumagin,* 64 Cal., 254; *Glenn* v. *Arnold,* 56 Cal., 361. La certificación del secretario de que no se renunció a las conclusiones por escrito, no forma parte de los autos que podamos considerar. Dicha certificación no es parte del legajo de la sentencia y no tiene más valor probatorio que el que tendrían las declaraciones de los testigos que fueron prestadas durante el juicio y que fueron certificadas en igual forma. Con excepción de todo aquello que forma parte de los autos, con arreglo al estatuto, la certificación del juez es esencial para dar validez a los procedimientos. El objeto del pliego de exciones o exposición del caso es formar los autos con aquello sin lo cual no constituirían dichos autos. Todos aquellos procedimientos de una corte que deban ser remitidos a la corte de apelación mediante pliego de excepciones etc., no podrán

ser incluídos en los autos de la causa por virtud de simples asientos hechos por el secretario; y si se incluyen de tal manera, no surtirán efecto como parte de los autos en apelación. *Right* v. *State,* 20 Ind., 23; . *Wilson* v. *Trueluck,* 19 Ind., 389; 7 Cyc., 222. En el caso de *Hanna* v. *Maas,* 122 U. S. 26, se dijo lo siguiente: ''Las minutas del juez o secretario o notas taquigráficas, no pueden sustituir al pliego de excepciones, pues dichas minutas constituyen meramente memoranda que puede luego utilizarse para redactar el referido pliego de excepciones. *Pomeroy* v. *Bank of Indiana,* 1 Wall., 592; *Thompson* v. *Riggs,* 5 Wall., 663; *Young* v. *Martin,* 8 Wall., 354; *Insurance Company* v. *Lanier,* 95 U. S., 171. Las excepciones deberán redactarse y aprobarse en debida forma en la corte inferior y no podrán ser enmendadas o redactadas nuevamente en esta corte. *Stimpson* v. *West Chester Railway Company.,* 3 How. 553.''

De acuerdo con el artículo 55 de la Ley de Evidencia, un registro judicial es el registro o asiento oficial de los procedimientos de un tribunal de justicia o del acto oficial de un funcionario judicial en una acción o en un procedimiento especial, y según el artículo 56, un registro judicial de Puerto Rico o de los Estados Unidos podrá probarse mediante la presentación del original o de una copia de éste, certificada por el secretario u otra persona en cuya custodia legalmente se hallare. Aun suponiendo que un documento admitido como prueba se convierta en un registro judicial, es al juez a quien corresponde autenticarlo. Dicho funcionario es, según la Ley, el guardián legal de la prueba, quien solamente puede certificarla por medio de un pliego de excepciones o algún otro documento semejante. Pero una parte de la prueba, aun cuando sea documental, continúa siendo solamente tal parte de la prueba y el secretario no tendría más razón para hacerla formar parte de los autos de la corte inferior que la que tendría para hacer igual cosa con respecto a las declaraciones prestadas por los testigos.

En la moción que consideramos, se ha tratado de agregar a los autos una parte de la prueba sin habérsele sometido en forma alguna a la corte inferior.  Si pudiera adoptarse esta práctica, los hechos relativos al juicio fácilmente podrían ser desnaturalizados.  Si cuando el pliego de excepciones iba a firmarse hubieran los apelados presentado el documento en su totalidad, la corte también hubiera podido insistir entonces en que se hubieran incluído otras pruebas.  En este caso, sin embargo, la corte ha certificado que se ha incluído toda la prueba necesaria y pertinente.  El pliego de excepciones firmado por el juez tiene el carácter de verdadero. *State* v. *O'Brien,* 18 Mont., 12 y 13, y se cita el caso de 9 Mont., 381, en el cual también se expresó que era obligación del juez, no solamente firmar lo que se le presenta como un pliego de excepciones, sino también examinarlo y ajustarlo a los hechos tanto en su forma como en verdad.

En algunos casos ocurre que la corte de apelación remite nuevamente la transcripción de autos a la corte inferior para que sea reformada.  3 Cyc. 146.  En este caso, no solamente no se ha hecho tal solicitud, sino que sería necesario que el caso fuera uno extraordinario para que pudiéramos permitir que tal cosa se hiciera después de haberse presentado el alegato del apelante, y especialmente no lo haríamos en un caso en que los apelados tuvieron amplia oportunidad para copiar todo el documento sin que hubieran hecho ninguna indicación en cuanto al particular, y no alegan ahora ninguna explicación con respecto a tal omisión.  Esta fué una excepción especial tomada por el apelante y era el deber de los apelados entonces y en aquel juicio el hacer la corrección.  Además se hace difícil comprender si los documentos fueron admitidos, sujetos a su identificación por parte de los apelados mediante prueba testifical y si esa prueba se presenta ¿cómo podrían los mismos ser perjudicados por la referencia hecha en el pliego de excepciones o los comentarios del abogado? Si se ha omitido algo en el pliego, pudiera suceder que dicha

omisión resultara más bien a favor que no en contra de los apelados. La moción debe ser denegada.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

El Juez Asociado Sr. del Toro emitió opinión concurrente con la cual estuvo conforme el Juez Asociado Sr. MacLeary.

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SR. DEL TORO Y CON LA CUAL ESTÁ CONFORME EL JUEZ ASOCIADO SR. MAC-LEARY.

En la exposición del caso y pliego de excepciones preparado por el demandado y apelante y certificado por el juez sentenciador, aparece, copiado a la letra, lo que sigue:

'"*Prueba de las demandantes.*

"Ofrecidas como prueba copias certificadas de las actas de nacimiento de Ana Luísa Mérida y Ana Teresa Mérida, es objetada su admisión por la parte demandada, porque esos no son los nombres y apellidos de las demandantes y la corte las admitió a reserva de que pruebe el demandante que son las mismas personas. La parte demandada tomó excepción."

Luego, en la misma exposición del caso aparece, como declarado por el testigo Leocadio Martínez, lo siguiente: "Esas niñas se llaman Ana Luisa Orama, pero para diferenciar los nombres, porque nacieron gemelas, le pusieron Ana Luisa y Ana Teresa Orama. Esas son las mismas que en la partida de bautismo aparecen con Ana Teresa Mérida y Ana Luisa Mérida, y eso es porque es otro nombre que le puso la madre; de eso está seguro el testigo."

El juez sentenciador, entre otros, declaró probados los siguientes hechos:

"Que las demandantes son hermanas gemelas, habiendo nacido en San Juan el día 26 de julio de 1903."

En el alegato presentado por el demandado y apelado, entre otros particulares, se consigna lo que sigue:

"Cuarto: Admitió indebidamente las certificaciones de nacimiento de Ana Luisa Mérida y Ana Teresa Mérida.

"Las demandantes, cuya filiación es controvertida en este caso, se llaman, según la demanda, Ana Luisa y Ana Teresa Orama y para probar la fecha de su nacimiento se presentaron por la parte demandante dos certificaciones correspondientes a los nacimientos de Ana Luisa Mérida y Ana Teresa Mérida.

"Como no había relación entre los nombres y apellidos de las demandantes y los de las personas a las cuales se referían las certificaciones presentadas, la demandada objetó la admisión de dichos documentos y la corte, sin embargo, las admitió a reserva de que el demandante probase que eran las mismas personas."

Así las cosas, antes de que se fijara día para vista del recurso, comparecieron las apeladas ante esta Corte Suprema y presentaron una moción sobre corrección de autos, en la que después de hacerse referencia a los hechos que hemos consignado, se dice, con respecto a lo alegado por el apelante, lo que sigue:

"Que tales afirmaciones de la parte apelante podrían inducir a error a esta honorable corte, llevándola a la creencia de que, como inexactamente dice la demandada, la prueba ofrecida por la parte demandante y admitida por la corte sentenciadora, se refería a personas de nombres y apellidos distintos de los apellidos y nombres de las que en este pleito reclaman su filiación, cuando, en realidad de verdad, y de acuerdo con los autos originales de este pleito, la prueba se refería a las mismas personas demandantes, apareciendo éstas, como antes se ha dicho, en las actas de inscripción con el nombre de Mérida agregado a los de Ana Luisa y Ana Teresa, ambas hijas naturales de Fabiana Orama, lo cual dió lugar a la oposición de la parte demandada y a que la corte, al admitir la prueba, lo hiciera con la salvedad de que se probase que se

trataba de las mismas demandantes, cuyo extremo quedó completamente justificado por la prueba testifical.''

A la moción acompañó la parte apelada copia de las dichas actas de nacimiento, certificada como sigue:

''Yo, Celestino Marrero, Secretario de la Corte de Distrito del Distrito Judicial de San Juan, P. R.,

''Certifico: que los insertos que preceden son copias fieles y exactas de sus originales, presentados como prueba por las demandantes en el pleito número 5433, contra Margarita Oyanguren, existentes a los folios 21 y 22 del expresado pleito.

''Y a petición del Lcdo. Eugenio Benítez Castaño, expido la presente en San Juan, P. R., a 25 de enero de mil novecientos trece. C. Marrero. Secretario de la Corte de Distrito del Distrito Judicial de San Juan.''

La parte apelante se opuso, y el caso quedó sometido a la resolución de este Tribunal Supremo.

La mayoría de los jueces de esta corte opina que la moción debe declararse sin lugar por los motivos consignados en la opinión emitida por el juez Asociado Sr. Wolf. Nosotros llegamos a la misma resolución, pero por los motivos que a continuación exponemos.

Nosotros creemos que las palabras usadas por el apelante no pueden inducir a error a esta Corte Suprema y por lo tanto no consideramos necesaria la corrección del récord propuesta por la parte apelada.

Lo primero que deberá considerarse y resolverse en su día con respecto a las referidas actas de nacimiento, es si la corte sentenciadora debió o nó admitirlas como prueba. Si decidimos que debió admitirlas, si estimamos que existe en los autos prueba suficiente que demuestre que tales actas se refieren a las demandantes en este pleito, entonces tendremos que concluir que las demandantes presentaron como prueba sus actas de nacimiento inscritas en el registro civil y que tales actas contenían todos los requisitos que la ley ordena que se hagan constar en ellas y que la fecha del naci-

miento consignada en los hechos declarados probados por
el juez sentenciador, es la correcta y se tomó, si no existe en
los autos otra prueba, de las dichas actas no impugnadas en
cuanto a tal extremo.  Claramente se deduce, por lo que he-
mos expuesto, que los derechos que puedan tener las apela-
das no se perjudican en modo alguno por no haberse incluído
dentro de la exposición del caso la copia íntegra de las repe-
tidas actas.

Si llegáramos a la conclusión de que los derechos de la
parte apelada podían sufrir perjuicio, no vacilaríamos en
decretar la corrección del récord.

Hemos estudiado cuidadosamente la jurisprudencia invo-
cada en la opinión de la mayoría de los jueces de esta corte
y estamos con ella enteramente conformes, pero, a nuestro
juicio, dicha jurisprudencia no impediría en modo alguno
que se decretara la corrección del récord en este caso, si las
circunstancias del mismo lo exigieran.

Es bien entendido que la única forma legal de presentar
a la consideración de esta corte de apelación la prueba prac-
ticada en la corte sentenciadora, es incluyéndola en una ex-
posición del caso o en un pliego de excepciones debidamente
preparado y certificado por el juez sentenciador; y que la
simple certificación del secretario de que un documento se
presentó como prueba en un caso, no lo hace formar parte
del récord del mismo.  Véase *Manuel* v. *Scott et al.,* 29 Mont.,
37, citado en *El Pueblo* v. *Guzmán,* 15 D. P. R., 299, y en el
de *El Pueblo* v. *Meléndez,* decidido el 7 de febrero último.

Pero en este caso que resolvemos, la cuestión es distinta.
Las actas de nacimiento se mencionaron, en la forma trans-
crita, en la exposición del caso, y no podremos ignorar en su
día en la resolución del recurso, que se presentaron como
prueba dichas actas y que sobre ellas versó, además, la prueba
testifical y que ellas sirvieron de base, apreciadas con las
demás pruebas, para la declaración de los hechos probados
en que fundó sus conclusiones de ley el juez sentenciador.

De acuerdo con la sección 40a del Reglamento de este

Tribunal Supremo, no deben copiarse íntegros los documentos en las relaciones de hechos, exposiciones del caso y pliegos de excepciones, sino que se hará una relación concisa de ellos, expresando su parte sustancial, a menos que la naturaleza de la cuestión planteada y resuelta haga necesario que se inserte en toda su extensión.

Si el apelante en el presente caso hubiera omitido intencionalmente, de mala fe, la copia de lo esencial. de las actas de nacimiento, y se demostrara que podía beneficiarse con tal omisión, el hecho de que ni el apelado al examinar ni el juez sentenciador al certificar la exposición, se hubieran fijado en la omisión ¿sería suficiente para impedir en absoluto que la verdad se restableciera permitiéndose traer debidamente autenticada la copia de los documentos que, según la misma exposición del caso, se presentaron y fueron admitidas como prueba?

Creemos que nó.

Se dirá que la certificación expedida por el secretario debió haber sido visada por lo menos por el juez sentenciador. Nosotros creemos que relacionando lo que se hizo constar en la exposición del caso certificada por el juez sentenciador y lo que se hace constar en la certificación expedida por el secretario de la corte sentenciadora, los documentos quedan perfectamente autenticados, pero si las circunstancias concurrentes nos obligaran a decretar la corrección de la transcripción, entonces, para mayor seguridad, y teniendo en cuenta la exacta naturaleza de una exposición del caso, ordenaríamos que las copias de las actas, junto con la de la exposición, se remitieran al juez sentenciador a fin de que certificara debidamente si las actas eran las mismas a que se refería la exposición.

La resolución de casos de esta naturaleza debe basarse, desde luego, en lo dispuesto en la ley, pero la ley, debe aplicarse atendidas las circunstancias peculiares de cada caso e interpretarse teniendo siempre por norte los altos fines de la justicia.

Por las razones expuestas, debe declararse sin lugar la mo-´
ción de los apelados sobre corrección del récord.