ELVIRA JUANA MANUELA JOAQUINA GARCÍA FERNÁNDEZ, peticionaria y apelada, ex parte, JOSEFA AGUAYO CASALS, interventora y apelante.

No. 5812.—*Sometido:* Junio 17, 1932. *Resuelto:* Noviembre 9, 1932.

*Tous Soto & Zapater,* abogados de la apelante; *Guerra Mondragón & Soldevila,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación contra una sentencia de la Corte de Distrito de Ponce dictada en un procedimiento sobre declaratoria de herederos.

La transcripción del récord está formada por los siguientes documentos: Petición de declaratoria de herederos formulada por Elvira Juana Manuela Joaquina García Fernández, Moción de intervención presentada por Graciela García y Aguayo y Josefa Aguayo y Casals, Relación del caso y opinión de la corte de distrito, Sentencia de la corte y Escrito de apelación de las interventoras. Aparece entonces copia de

1

una exposición del caso que, en lo pertinente a los efectos de esta opinión, dice:

"" ※       ※       ※       ※       ※       ※       ※

"Celebrada la vista la Corte dictó su resolución en fecha 8 de junio de 1931.

"De la prueba de la promovente y las admisiones de la interventora y de dicha promovente resulta probado:

"Que don Juan García Villarraza, natural de Málaga, provincia de Andalucía, Península Española, dentista, casó en primeras nupcias con doña Manuela Fernández, natural de la Habana, de la que hubo una hija legítima, que es la peticionaria en este caso, Elvira García Fernández.

"Que fallecida su primera esposa, don Juan García Villarraza contrajo segundas nupcias en Ponce, Puerto Rico con doña Josefa Aguayo Casals, natural de Ponce, P. R. en 29 de noviembre de 1891, de la que tuvo una hija legítima llamada Graciela García Aguayo.

"Que teniendo su domicilio y bienes en Ponce, Puerto Rico, y estando único en matrimonio con doña Josefa Aguayo y Casals, don Juan García Villarraza, encontrándose accidentalmente en la ciudad de Pará, Brasil, falleció en el mes de abril del año 1899, sin haber otorgado testamento, estando, al fallecer, aún casado con doña Josefa Aguayo Casals.

"" ※       ※       ※       ※       ※       ※       ※""

Al pie de la exposición consta el juramento de haberse remitido una copia de la misma por correo al abogado de la promovente y luego lo que sigue:

"APROBACIÓN EXPOSICIÓN DEL CASO: Llamado este caso para la vista de la moción sobre aprobación de la Exposición del Caso, comparece el Lcdo. Fernando Zapater en representación de la parte opositora Josefa Aguayo Casals sin que la promovente compareciera en forma alguna, no obstante haber sido notificados sus Abogados González Fagundo y González Jr., la Corte aprueba la Exposición del Caso.—(Del Libro de Minutas, No. 16, sala primera, sesión del día 28 de julio de 1931, presidida por el Hon. Juez Todd, Jr.) Copia remitida a los abogados los Lcdos. González Fagundo y González Jr., Humacao y José Tous Soto & Zapater, Ponce.—CERTIFICO: E. GOTAY PURCELL, SECRETARIO, POR E. Cornier.—Sub-Secretario."

Termina el documento con la certificación de su correc-

ción expedida por los abogados de la promovente y de las opositoras.

En su alegato, la parte apelada suscita la siguiente

"Cuestion Preliminar.—En el presente recurso no hay evidencia que pueda considerarse, ya que la exposición del caso presentada en la Corte de Distrito no vino acompañada, al incluirse en los autos elevados a este Hon. Tribunal, del correspondiente certificado de aprobación ni siquiera de la firma del Sr. Juez que entendió en la vista de la causa. Para que la exposición sea válida y surta efectos es menester que le haya dado su visto bueno, bajo su firma, el magistrado ante el cual se celebró el juicio. Faltando como faltan esos requisitos en el presente recurso, este Hon. Tribunal se ve impedido de penetrar en la prueba evacuada ante la Corte inferior. Artículo 216 del Cód. de Enj. Civ.—Rubio v. Charvounier, 20 D.P.R. 315.—Orama v. Oyanguren, 19 D.P.R. 314.—Axtmayer v. Ortiz, 19 D.P.R. 499.—Calaf v. Calaf, 16 D.P.R. 835.—Sucesión Blondet et al. v. Fautauzzi Hnos., 14 D.P.R. 313."

Creemos que tiene razón la parte apelada. El artículo 299 del Código de Enjuiciamiento Civil según quedó enmendado en 1911, Comp. 1911 p. 902, de modo terminante dispone que impartida su aprobación, "Certificará el juez al pie del pliego su contenido tal como lo haya aprobado, y pasará en tal forma a formar parte del legajo de la sentencia." Disponiendo además dicho artículo que el récord de la apelación lo constituirá "la certificación que librará el Secretario del tribunal *a quo* o los abogados de las partes del legajo de la sentencia y de la notificación de apelación."

De la certificación de los abogados en este caso sólo consta lo que dice el Libro de Minutas con respecto a la aprobación. No aparece que el juez certificara el pliego y que éste autenticado de tal modo llegara a formar parte del legajo de la sentencia. De la parte de la exposición que transcribimos aparece que hubo prueba y que fundándose en su resultado y en el de las admisiones de la interventora y de la promovente fué que se dictó la sentencia recurrida. Siendo ello así, no hay base para entrar en la consideración y decisión del recurso, *que debe en tal virtud ser desestimado.*