## EX PARTE AMY, PETICIONARIO Y APELANTE, *v.* EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso de *habeas corpus.*

No. 640.—Resuelto en marzo 27, 1914.

HABEAS CORPUS—TRANSCRIPCIÓN DE AUTOS—FALTA DE BASE PARA RESOLVER LA APELACIÓN—PRESUNCIÓN.—Cuando, como en el presente caso, los autos remitidos a este tribunal en virtud de la apelación interpuesta contra la resolución denegatoria de *habeas corpus,* sólo comprenden la petición, la orden del juez expidiendo el auto, el mandamiento librado al alcaide de la cárcel para la presentación del peticionario, su diligenciamiento por el márshal, la resolución denegatoria de la petición, el escrito de apelación y la fianza prestada para permanecer en libertad, carece este tribunal de elementos para apreciar si la prisión del peticionario es ilegal y por tanto subsiste la presunción de que es legal la sentencia que motivó su prisión.

ID.—IDENTIFICACIÓN DE LAS PRUEBAS PRESENTADAS EN EL JUICIO.—Este tribunal
no puede tomar en consideración en una apelación en un caso de *habeas corpus*
los autos originales de un procedimiento contra el peticionario, cuando dichos
autos son enviados por el secretario del tribunal inferior expresando que
habían sido presentados como prueba durante la vista de la petición de
*habeas corpus*, pero sin que el juez sentenciador certifique que tales autos se
presentaron como prueba, ni exprese el secretario que fueron admitidos por
el tribunal ni que sean completos, por no incluir la prueba testifical que,
según parece, fué presentada en el juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Cervoni Gely.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Alfredo Amy presentó en el Tribunal de Distrito de Gua-
yama una petición de *habeas corpus* para que se le pusiera en
libertad porque estaba privado de ella en cumplimiento de
una sentencia de desacato que le condenó a dos días de cárcel
y doscientos pesos de multa, la que alegó ser ilegal porque
fué pronunciada en exceso de la jurisdicción del tribunal, pues
las citaciones por cuya desobediencia se le castigó no tenía
el deber de obedecerlas por no estar hechas de acuerdo con
la ley y porque el procedimiento de desacato no se inició por
acusación o por declaración jurada. Expedido el auto y cele-
brada la vista el tribunal inferior declaró sin lugar la solicitud
y contra esa resolución es que ha interpuesto el presente
recurso de apelación.

Las diligencias que se nos han presentado para resolver
el recurso están formadas por la petición, la orden del juez
expidiendo el auto, el mandamiento librado al Alcaide de la
Cárcel de Guayama para la presentación del querellante, su
diligenciamiento por el márshal, la resolución del tribunal ne-
gando la petición y el escrito de apelación, así como la fianza
prestada para permanecer en libertad. Con tales antecedentes
no tenemos elementos para apreciar si, cual sostiene el ape-
lante, su prisión es ilegal. Sólo sabemos que cuando formuló
la petición de *habeas corpus* estaba preso en virtud de una
sentencia por desacato, pero ignoramos las causas y el proce-

dimiento que dieron como consecuencia la condena. El que alega la ilegalidad de su prisión debe suministrar a los tribunales de justicia los elementos necesarios para que puedan determinar que está preso ilegalmente, pues de lo contrario habrá que presumir que es legal la sentencia que motivó su prisión.

Es cierto que además de las diligencias relacionadas, el secretario del tribunal inferior remitió a este Tribunal Supremo las que allí se habían tramitado contra Alfredo Amy por desacato, expresando que habían sido presentadas como prueba durante la vista del auto de *habeas corpus,* pero ni el secretario es el funcionario autorizado por la ley, sino el juez, para certificar las pruebas que se presentaron en el juicio, ni expresa que fueron admitidas por el tribunal, ni son completas pues de ellas parece desprenderse que se practicó prueba testifical de la cual no hay constancia alguna en el expediente, por lo que no podemos tomarlas en consideración para resolver este recurso.

Careciendo pues de base para poder considerar si la prisión del apelante es ilegal, debemos confirmar la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.