RIVERA ET AL., PETICIONARIOS Y APELANTES, *v.* EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama en un procedimiento sobre *habeas corpus.*

No. 1493.—Resuelto en abril 23, 1920.

HABEAS CORPUS EN APELACIÓN — CAUSA PROBABLE PARA LA DETENCIÓN — EXPOSICIÓN DEL CASO EN HABEAS CORPUS.—Apelada una orden de la Corte de Distrito por la que se declara en procedimiento de *habeas corpus* que existe causa probable para la detención del acusado, para que el Tribunal Supremo pueda resolver el caso por sus méritos es preciso que se traigan a su consideración lós elementos probatorios ofrecidos al juez inferior, no siendo obligación de este funcionario ni del secretario y sí del apelante, el preparar a dicho fin un pliego de excepciones o exposición del caso o una transcripción de la evidencia.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. Soto Rivera* y *C. B. Buitrago.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Juan Rivera y otros presentaron una solicitud de *habeas corpus* al Hon. J. A. López Acosta, Juez de la Corte de Distrito de Guayama, alegando que estaban privados de su libertad a virtud de un cargo por incendio malicioso y que el fiscal de distrito no tenía en su poder prueba alguna contra ellos. La resolución final de la corte dictada en el caso es la siguiente:

"Practicada la vista de este *habeas corpus* y examinado por la corte el record presentado por el fiscal, y vistas las declaraciones prestadas por Félix Zayas, Otto Biermer, Nicolás Báez, José Fernández, Juan Vicente, Vicente Zayas y Atilano Santiago, entiende la corte que hay causa probable suficiente para mantener a estos acusados arrestados en tanto presten la fianza señalada por el fiscal; por lo cual la corte desestima el *habeas corpus* presentado."

Los peticionarios apelaron, pero en la transcripción de autos remitida a este tribunal no hay exposición del caso ni nada que demuestre la naturaleza de la prueba que fué sometida a la corte en la vista del auto de *habeas corpus*. Por consiguiente, el fiscal representando probablemente al alcaide pide que confirmemos la sentencia. En el caso de *Ex parte Amy* v. *El Pueblo*, 20 D. P. R. 207, que fué un caso de *habeas corpus*, en el cual se alegaba la insuficiencia de la prueba, el secretario de la corte de distrito envió a este tribunal parte de la prueba documental que fué sometida en el juicio, pero resolvimos que el secretario no era la persona que tenía que certificar las pruebas presentadas en la vista y como no hubo nada que demostrara cuál era la prueba que fué sometida en dicho juicio se confirmó la sentencia. Ese caso parece ser terminante en cuanto al presente, pero una nueva duda ha surgido con motivo del texto de la ley de 1903 relativo a las apelaciones en casos de *habeas corpus*.

Las palabras en particular son las siguientes:

"El juez o tribunal apelado remitirá al Tribunal Supremo los autos que motivaron la orden apelada."

Según se indicó en el caso de *Ex parte Amy, supra,* la prueba presentada en el juicio no es un procedimiento. La prueba del juicio no forma parte de los autos hasta que así se le haga formar mediante un pliego de excepciones o exposición del caso debidamente certificado por la corte, *England* v. *Gebhardt,* 112 U. S. 502; *Río Grande Irrigation Co.* v. *Gildersleeve,* 174 U. S. 603; apelación del territorio de

Nuevo Méjico donde se cita el caso principal, *El Pueblo de Puerto Rico* v. *Emmanuel,* 235 U. S. 251; *Sosa* v. *American Railroad Company,* 10 D. P. R. 474; *Orama* v. *Oyanguren,* 19 D. P. R. 310.

La palabra "juez", como ha sido usada en oposición a "corte" solamente puede referirse al caso en que un solo juez juzgue un caso en vez de la corte misma, por ejemplo, un juez de esta corte. En el año 1903 cuando fué aprobada la ley las cortes de distrito se componían de tres jueces. De modo que cuando la ley ordena a la corte que remita los procedimientos en apelación el secretario siempre está en la obligación, como funcionario ministerial de la corte de cumplir con el mandato. Este deber no es distinto del que la ley impone al secretario de la corte de distrito en casos criminales, quien tiene que remitir un número de cosas y entre ellas "el pliego de excepciones si lo hubiere", o la "exposición del caso si la hubiere". Artículo 356 del Código de Enjuiciamiento Criminal. El secretario solamente tiene el deber de remitir la prueba cuando ha sido debidamente aprobada por la corte. También en igual sentido se expresa la ley de 1919, páginas 678, 679.

No existe nada que demuestre que la Legislatura tuvo la intención de imponer un deber ministerial especial al "juez" a diferencia de la "corte". Cuando la Legislatura ha deseado imponer tal deber a la corte así lo ha hecho en claro lenguaje como lo hizo en el año 1911, cuando en una causa que envuelve la pena capital, de no hacerlo el abogado el juez está en la obligación de preparar una exposición de la prueba sometida al jurado.

El juez no está obligado a formar la prueba en un caso como éste mientras no se prepare la debida exposición y se le someta en alguno de los varios modos enunciados en la ley. Un procedimiento de *habeas corpus* es técnicamente de naturaleza civil y las partes, si lo desean, probablemente pueden valerse de la ley de 1919 que permite el uso de las

notas taquigráficas. El apelante, es de presumirse tuvo una amplia vista ante la Corte de Distrito de Guayama.

No vemos que la corte dejara de cumplir con algún deber, o que se hubiera cometido algún error, debiendo por tanto, confirmarse la sentencia apelada.

> *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison disintieron.