FELIPE RODRÍGUEZ LÓPEZ, peticionario y apelante, y EL
   PUEBLO DE PUERTO RICO, opositor y apelado.

No. 2611.—*Resuelto:* Noviembre 6, 1925.

HABEAS CORPUS—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—APELACIÓN—RÉCORD
   Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—TRANSCRIPCIÓN DE LA EVIDEN-

CIA.—En el caso de autos se interpreta y aplica el artículo 4, sentencia final, de la ley sobre *habeas corpus* (Comp. 6550) y *se resuelve:* que en dichos procedimientos el juez inferior no viene obligado a elevar por sí mismo con los autos la prueba ante él practicada, debiendo el apelante hacerla formar parte del récord por alguno de los medios establecidos por la ley si desea que dicha prueba se eleve.

MOCIÓN sobre corrección de autos en apelación. *Sin lugar.*

*Román Díaz Collazo,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada una solicitud de ''habeas corpus'' en la Corte de Distrito de San Juan, Distrito Segundo, dicho tribunal, después de oir a las partes interesadas y en atención a la prueba aportada por el Ministerio Público, la declaró sin lugar.

No conforme el peticionario, interpuso la presente apelación, habiendo el secretario de la corte de distrito elevado a la secretaría de esta Corte Suprema la transcripción de los autos.

Así las cosas, se presentó una moción por el peticionario que en lo pertinente dice:

''Que en la vista celebrada con motivo de este recurso en la corte inferior se tomaron notas taquigráficas en donde constan mociones y peticiones de este apelante así como resoluciones del tribunal a dichas peticiones y mociones.

''Que en la transcripción elevada a esta Hon. Corte se han dejado de incluir dichas notas taquigráficas.

''Que las referidas notas taquigráficas son parte esencial e indispensable de los procedimientos habidos en el tribunal inferior y necesarias a este apelante a los efectos de la presente apelación.

''Por lo expuesto el peticionario y apelante a esta Hon. Corte suplica se sirva dictar una orden disponiendo que por el tribunal en donde se originó este caso sea remitida a esta Hon. Corte una copia debidamente certificada de las ameritadas notas taquigráficas.''

Se dió traslado de la moción al Fiscal y dicho funcionario se opuso a que se concediera lo solicitado invocando lo resuelto en los casos de *Rivera et al.* v. *El Pueblo,* 28 D.P. R. 374, y *Ex parte Amy y El Pueblo,* 20 D.P.R. 206.

En el caso de *Rivera, supra,* la corte, por mayoría, se expresó así:

"Los peticionarios apelaron, pero en la transcripción de autos remitida a este tribunal no hay exposición del caso ni nada que demuestre la naturaleza de la prueba que fué sometida a la corte en la vista del auto de *habeas corpus.* Por consiguiente, el fiscal representando probablemente al alcaide pide que confirmemos la sentencia. En el caso de *Ex parte Amy* v. *El Pueblo,* 20 D.P.R. 207, que fué un caso de *habeas corpus,* en el cual se alegaba la insuficiencia de la prueba, el secretario de la corte de distrito envió a este tribunal parte de la prueba documental que fué sometida en el juicio, pero resolvimos que el secretario no era la persona que tenía que certificar las pruebas presentadas en la vista y como no hubo nada que demostrara cuál era la prueba que fué sometida en dicho juicio, se confirmó la sentencia. Ese caso parece ser terminante en cuanto al presente, pero una nueva duda ha surgido con motivo del texto de la ley de 1903 relativo a las apelaciones en casos de *habeas corpus.*

"Las palabras en particular son las siguientes:

" 'El juez o tribunal apelado remitirá al Tribunal Supremo los autos que motivaron la orden apelada.'

"Según se indicó en, el caso de *Ex parte Amy, supra,* la prueba presentada en el juicio no es un procedimiento. La prueba del juicio no forma parte de los autos hasta que así se le haga formar mediante un pliego de excepciones o exposición del caso debidamente certificado por la corte, *England* v. *Gebhardt,* 112 U. S. 502; *Río Grande Irrigation Co.* v. *Gildersleeve,* 174 U. S. 603; apelación del territorio de Nuevo Méjico donde se cita el caso principal. *El Pueblo de Puerto Rico* v. *Emmanuel,* 235 U. S. 251; *Sosa* v. *American Railroad Company,* 10 D.P.R. 474; *Orama* v. *Oyanguren,* 19 D.P. R. 310.

*                *                *                *                *                *                *

"El Juez no está obligado a formar la prueba en un caso como éste mientras no se prepare la debida exposición y se someta en alguno de los varios modos enunciados en la ley. Un procedimiento de *habeas corpus* es técnicamente de naturaleza civil y las partes, si lo desean, probablemente pueden valerse de la ley de 1919 que permite el uso de las notas taquigráficas. El apelante, es de presumirse tuvo una amplia vista ante la corte de distrito de Guayama."

En atención a lo resuelto y dada la petición que se hace

o sea que se ordene al juez que remita, una copia de las notas taquigráficas, *no es posible acceder a lo solicitado.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.